BARNES *v.* MENDENHALL ET AL.

[No. 14,423. Filed December 23, 1932. Rehearing denied April 6, 1933. Transfer denied February 15, 1934.]

*Paul R. Shafer* and *Thomas F. O'Mara,* for appellant.

*Charles E. Piety* and *Paul N. Bogart,* for appellee.

CURTIS, C. J.—This was an action by the appellant against the appellees to set aside the alleged illegal cancellation of her "indefinite contract" as a "permanent teacher" of the appellee, School City of Terre Haute, Indiana, and asking that an injunction be granted her to restrain the appellees from continuing to break the alleged contract of the appellant as permanent teacher and praying for judgment for the amount of the salary accruing to her as such teacher pending the litigation.

The issues were.joined upon the appellant's amended complaint in one paragraph to which the appellees filed separate demurrers. The court sustained the demurrers and the appellant excepted to that ruling and refused to plead over, electing to stand on the ruling of the court on the demurrers. The court rendered judgment as follows: "It is therefore ordered, adjudged and decreed by the court that the plaintiff take nothing by her action herein, and that said defendants recover of and from the plaintiff their costs in this action, to which ruling and opinion of the court the plaintiff at the time excepted." An appeal was then prayed and perfected.

The errors relied upon for reversal are: "1. The court erred in sustaining the several demurrers of the defendants to the amended complaint of the appellant, to which rulings of the court, the appellant at the time excepted. 2. The court erred in rendering judgment against the appellant, and in favor of the appellees upon the refusal of the appellant to plead further and the appellant's election to stand on the ruling of the

appellees' several demurrers, to which action of the court the appellant at the time excepted."

The amended complaint is very voluminous, covering more than 20 pages of the record. We shall attempt to set forth only the salient parts. Among other things it alleges: That the appellant has a life license issued to her by the duly constituted authorities of the State of Indiana, under the date of December 1, 1923, the same being a first grade license to teach all subjects and grades in the elementary grades; that she is a permanent teacher and has been under contract with the School City of Terre Haute for more than 22 years immediately preceding the filing of this petition, and the holder of a continuous permanent teacher's contract with said School City which contract was duly recognized by the School City under date of May 14, 1929 by a statement of that date, a part of which we quote as follows:

"Terre Haute Public Schools,
May 14, 1929.

Grace Barnes:

Our records show that you are a permanent teacher according to the provisions of an Act of the General Assembly, approved March 8, 1927, commonly known as the Teachers' Tenure Law. . . . In case you desire to continue your teaching work next year, please sign promptly and deliver one copy of this notice to your principal.

GEORGE C. CARROLL,
Superintendent.

Received this 27th day of May, 1929.

GRACE BARNES,
Teacher."

It is further alleged that on the 9th day of May, 1930, the said school city, through George C. Carroll, superintendent of schools, notified the appellant in writing that at 8 o'clock P. M. June 10th, 1930, the school board of said school city would consider the cancellation of appel-

lant's indefinite teacher's contract. That within 5 days after receiving said notice the appellant made a written request of said appellees demanding the reason for the cancellation of said contract; that under date of May 15, 1930, the said school city by its said superintendent of schools notified the appellant in writing that the reason for such consideration to cancel said contract was "a justifiable decrease in the number of teaching positions in the schools of Terre Haute School City"; that the appellant within 5 days after receiving the last above notice requested that she be given a hearing on the reason set out by the appellees. That on May 23, 1930, the said school city by its said superintendent notified the appellant that the hearing requested had been set for May 28, 1930, at 5 o'clock in the afternoon; that at the time and place for said hearing the appellant appeared and by agreement of all parties the hearing was continued until June 6, 1930. It is further alleged "that then and there on the 6th day of June, 1930, there was held a pretended hearing; that at said pretended hearing the School City of Terre Haute, Indiana, by and through its Board of Trustees, the defendant herein, made a fuller statement of the alleged reason to be considered by the Board as the reason for the cancellation of said indefinite teacher's contract, which said fuller statement was to the effect that to fill the positions in the schools of the School City of Terre Haute for the next year, the Board will have Tenure Teachers and in addition, some non-tenure teachers in elementary, high school, junior high school, grade schools and in all departments of the School City of Terre Haute; that the Board claimed the right to cancel permanent teachers contracts even though the Board retained non-tenure teachers in the school to perform the same duties which the discharged permanent teachers were licensed to perform, and that the question which the Board

would decide was whether the Board had the right to dismiss tenure teachers and take non-tenure teachers in their place; and that the Board had in fact elected to employ teachers for the School City of Terre Haute in all departments thereof for the ensuing year who are not permanent teachers as defined under the said act.

"That the proposed reduction would consist of, in part, the discharge of permanent teachers and the discharge of non-permanent teachers. That the said Board then and there declared and informed the plaintiff that the sole question to be determined was one of the power and right of the School Board of the City of Terre Haute to cancel plaintiff's indefinite contract as a permanent teacher of said School corporation, on account of there being a reduction in the total number of teachers employed in the School City even though the Board did retain non-permanent teachers to teach in positions which the plaintiff was licensed to teach, and that plaintiff by and through her attorneys, then and there stated and contended that said defendants did not have power or authority to cancel and could not legally cancel plaintiff's permanent contract with the defendant School City of Terre Haute, Indiana.

"That said fuller statement made as aforesaid by said board at the time and place of said hearing on June 6th, 1930, had not been made or conveyed or delivered to said plaintiff in writing prior to said time; and in truth and fact, consisted of a different reason from the reason set out in said written statement furnished to said plaintiff by said Board on the 15th day of May, 1930, and contained in the written reason furnished to plaintiff. That the reason set out in said fuller statement made by said Board at the time and place of the hearing is not a legal cause for the cancellation of plaintiff's contract and is not comprehended within the statutory reason of a justifiable decrease in the number of teach-

ing positions; that in truth and fact, the said Board did not then contemplate or consider a reduction in the total number of teaching positions in said School system equal to the total number of non-permanent teachers then and there in their employ, but that said Board did then and there consider only reductions in the total number of positions retaining the number of teaching positions in said School City greater than the total number of permanent teachers having an indefinite contract with said School City and licensed to teach in said School City; that in truth and fact, said Board did then and there illegally, and unlawfully declare cancelled said indefinite contract of this plaintiff upon an erroneous interpretation of the law of the State of Indiana, in that said Board then and there erroneously interpreted and construed the laws of the State of Indiana to authorize the said Board to cancel the indefinite contract of any permanent teacher if the Board found that there should be any reduction whatsoever in the total number of teaching positions in said School City even though the Board contemplated employing and did employ a non-permanent teacher to teach in a position which said discharged permanent teacher was licensed to teach.

"Plaintiff further avers that thereafter, on the 10th day of June, 1930, on or about 8:00 o'clock P. M., of said day said defendants, trustees constituting the School Board of the School City of Terre Haute, Indiana, together with the Superintendent of Schools of said School City, then and there met in the Administration Building in the School City of Terre Haute, Indiana, in compliance with the notice heretofore mailed to this plaintiff; that said Board of Trustees, the defendants as aforesaid, and each of them, then and there proceeded unlawfully, illegally, and erroneously to cancel said permanent teacher's contract of this plaintiff as said Board

of Trustees did then and there erroneously, illegally, and unlawfully act upon the cancellation of said teacher's contract under the erroneous, mistaken and unlawful interpretation of the law announced by the said Board at the time and place of said hearing, and acted upon by said Board in the pretended cancellation of said contract and throughout the said proceedings, which erroneous, mistaken and unlawful interpretation of the law consisted in this, to wit: That the reason stated in the Statute—a justifiable decrease in the number of teaching positions—authorized the Board to cancel a permanent teacher's indefinite contract although said decrease did not in fact reduce the number of teaching positions in the said School City below the number of permanent teachers employed during the current year, and who held indefinite contracts to teach in the said schools and were duly licensed to teach in and to fill the remaining teaching positions in said schools, and in that if any decrease whatsoever was justifiable in the total number of teaching positions in the schools of said city even though said decrease in fact was less than the number of non-permanent teachers required to be employed in the said schools and said Board could for that reason lawfully refuse to employ such permanent teachers and could employ a non-permanent teacher to teach in the position theretofore filled by such permanent teacher and which said permanent teacher was duly licensed to teach in, and, further, in that said Board erroneously did claim and assert the power upon the assignment of the only reason therefor, 'a justifiable decrease in the number of teaching positions' to cancel a permanent teacher's indefinite contract to teach in. the schools of said School Corporation, even though, notwithstanding, said decrease it was necessary to employ non-permanent teachers, as said Board in fact announced upon said hearing, to teach in positions which said permanent

teachers were licensed to teach in during the ensuing year, and further, in that said Board upon the assignment of said reason and no other could retain non-permanent teachers in the employ of said defendant, School City to teach in certain teaching positions therein, and authorize the Board to cancel permanent teachers' indefinite contracts who were licensed to teach in the same certain positions, which said interpretation of the law was made by the Board, plaintiff at the time objected to and denied." The amended complaint then alleges that on the 10th day of June, the said school board erroneously and unlawfully passed a resolution terminating the appellant's said teacher's contract. The resolution is set out in full in the amended complaint, but it contains many recitals of the things we have heretofore mentioned, and we therefore copy the last recital and the resolution proper which are as follows: "WHEREAS, Mr. George C. Carroll, Superintendent of Schools of the City of Terre Haute, Indiana, has presented his recommendation to said Board of Trustees of said School City, that the indefinite contract of said Grace Barnes should be cancelled because of the justifiable decrease in the number of teaching positions in said School City of Terre Haute.

"NOW, THEREFORE:

"BE IT RESOLVED, by the Board of Trustees of the School City of Terre Haute, Indiana, in a meeting assembled: That the recommendation of Mr. George C. Carroll, Superintendent of said School City, that the indefinite contract of employment of said Grace Barnes be cancelled, is hereby accepted, and the indefinite contract of employment of said Grace Barnes with the said School City of Terre Haute, Indiana, be and the same is hereby cancelled." The said amended complaint further alleges that unless the appellees are compelled by order of court to restore the appellant to her rights under her

contract, and unless they are compelled to assign to her a position as a teacher in the school city of Terre Haute under her said permanent teacher's contract she will be deprived of all of her rights thereunder. There are many other allegations in the amended complaint, some of them relating to the appellant's interest in a teachers' retirement fund of which it is alleged she will be deprived, but we believe we have set out enough, when the demurrer is shown, to explain the basis of the controversy, and to serve as the basis for this opinion.

The demurrers are upon the ground of insufficient facts. The memorandum is as follows: "1. The evident and only theory of the plaintiff's cause of action as shown by her Amended Complaint is that she was a permanent teacher as defined by Chapter 97 of the Acts of the Indiana General Assembly, 1927, commonly known as the 'TEACHERS TENURE ACT' and does not show facts to constitute a cause of action because it is apparent upon the face of the Amended Complaint that the Board of Trustees of the School City of Terre Haute, in the cancellation of the contract of plaintiff, acted within the powers given and granted to said Board of Trustees by said Act.

"2. Chapter 97 of the Acts of the Indiana General Assembly, 1927, commonly known as the 'TEACHERS TENURE ACT,' upon which plaintiff's action is based is in derogation of Acts of the General Assembly which had been in force for many years prior to the passage of said 'TEACHERS TENURE ACT,' granting powers to the Board of Trustees of the School City of Terre Haute and is therefore to be strictly construed.

"3. The Amended Complaint in the above entitled cause in no wise negatives the fact that there was a justifiable decrease in the number of teaching positions in the public schools of the School City of Terre Haute at the time of the cancellation of the plaintiff's contract,

a justifiable decrease in the number of teaching positions being a sufficient reason under Chapter 97 of the Acts of the Indiana General Ascsembly, 1927, for the cancellation of a permanent teacher's contract.

"4. The Amended Complaint shows upon its fact that the plaintiff's indefinite contract was cancelled according to law.

"5. The Amended Complaint shows upon its face that the plaintiff's indefinite contract was cancelled under and pursuant to the provisions and terms of Chapter 97 of the Acts of Indiana General Assembly, 1927, commonly known as the 'TEACHERS TENURE ACT.'

"6. Under the statutes of the State of Indiana, defendants, as the Board of School Trustees of the School City of Terre Haute, Indiana, had the power to decrease the number of teaching positions in said School City.

"7. The defendants, as such Board of School Trustees, had the duty, as well as the power of, determining which teachers should be retained and which discharged when there was a justifiable decrease in the number of teaching positions in said School City.

"8. The Amended Complaint does not allege that the decrease in the number of teaching positions made by the defendants, as such Board of School Trustees, was not justifiable.

"9. Chapter 97 of the Acts of the Indiana General Assembly of 1927, and commonly known as the 'TEACHERS TENURE ACT', being in derogation of the common law and also the statutory law of Indiana from the time of the organization of the State, must be strictly construed. In the interpretation of the provisions of the Act seeking to restrict the old and well-established rights of School Board to contract with

teachers, any doubt or ambiguity must be resolved in favor of such old well-established rights.

"10. The Amended Complaint shows on its fact that the plaintiff bases her action solely on Chapter 97 of the Acts of the Indiana General Assembly of 1927, and commonly known as the 'TEACHERS TENURE ACT', and the Amended Complaint further discloses that the defendants fully complied with this Act and that no cause of action exists.

"11. The Amended Complaint shows on its fact that, in the cancellation of plaintiff's indefinite contract, the defendants fully complied with all of the provisions of Chapter 97 of the Acts of the Indiana General Assembly of 1927, and commonly known as the 'TEACHERS TENURE ACT', and that having so complied the decision of the defendant School Board was final and cannot be reviewed by the Court.

"12. Chapter 97 of the Acts of the Indiana General Assembly of 1927, commonly known as the 'TEACHERS TENURE ACT', must be read and construed in connection with all other laws of the State of Indiana so as to give force and effect, if possible to the whole body of school laws.

"13. The construction of Chapter 97 of the Acts of the Indiana General Assembly of 1927, and commonly known as the 'TEACHERS TENURE ACT', sought to be placed thereon by the Plaintiff would make the Act void for the reason that it would be against public policy."

In support of the demurrers, the appellees say, among other things: "The Appellees have not raised any question regarding the validity of the Tenure Act and do not propose to do so at this time. The Appellees claim, and the Trial Court held, that the Board of School Trustees of the School City of Terre Haute had the power by following the proper procedure to cancel

the indefinite contract of a tenure teacher because of a justifiable decrease in the number of teaching positions in said School City, although after said decrease there remained in said school system the same or other teaching positions not held by tenure teachers which said positions said tenure teacher is licensed to fill, the Board of School Trustees acting in good faith, without fraud, and not for political or personal reasons. The Appellants deny that the Board of School Trustees has this power."

With frankness and candor the appellees have thus stated what we consider to be the real issue in the case. But we cannot agree with their contention. The demurrers admit all the facts that are well pleaded in the amended complaint. Applying the law to those facts, it appears to us that the trial court erred in sustaining the several demurrers to the amended complaint, and in rendering judgment against the appellant.

Sections one and two of the so called "Teachers Tenure Act" being Chapter 97 of the Acts of 1927, page 259, insofar as they are material to the issues herein, provide as follows: Sec. 1. "That any person who has served or who shall serve under a contract as a teacher in any school corporation of the State of Indiana for five (5) or more successive years and who shall thereafter enter into a contract for further service to such corporation, shall thereupon become a permanent teacher of said school corporation—Upon the expiration of any contract between such school corporation and a permanent teacher such contract shall be deemed to continue in effect for an indefinite period and shall be known as an indefinite contract. Such indefinite contract shall remain in force unless succeeded by a new contract signed by both parties, or unless it shall be cancelled as provided in Section Two of said Act." Sec.

2. "Cancellation of an indefinite contract of a permanent teacher may be made for incompetency, insubordination, (which shall be deemed to mean a wilful refusal to obey the school laws of this State, or reasonable rules prescribed for the government of the public schools of such corporation) neglect of duty, immorality, justifiable decrease in the number of teaching positions or other good and just *causes* but may not be made for political or personal reasons." Other parts of section 2 provides for notice and hearing and the procedure to be followed by the school authorities in the cancellation of an indefinite contract of a teacher, but since no question is raised in this appeal in regard thereto, we do not deem it necessary to set out said parts. There is the further provision in said section as follows: "The school board of any city or town, by a majority vote, evidenced by a signed statement in the minutes of the board, or the township trustee, by a written and signed statement recorded in his records, may cancel an indefinite contract with a teacher after compliance with the provisions of this section: Provided, That the decision of the school board shall be final." . . . (There is an appeal allowed to the county superintendent from the decision of the township trustee, but with this provision we are not concerned in this appeal.)

There can be no doubt from the facts admitted that when the appellant's indefinite contract was cancelled by the appellees, that there remained in said school city the same or other teaching positions not held by tenure teachers, and held by nontenure teachers, which said teaching positions the said tenure teacher (appellant) was licensed to fill. Under such circumstances can the indefinite contract of the appellant whereby she became a permanent teacher, be cancelled by the appellees who assign as the reason that

there is a "justifiable decrease in the number of teaching positions." We think such a result cannot be legally accomplished.

Two classes of teachers, differing in the nature of their contracts, result from the enactment of the so called "Teachers' Tenure Law," *supra,* as follows: 1st. Tenure or permanent teachers, who by virtue of this legislation, enjoy "Indefinite contracts" which may be cancelled only for the causes enumerated in section 2 of the Act, and in accordance with the procedure therein provided. . 2nd. Non-tenure or non-permanent teachers who are not protected by said act and who do not enjoy "indefinite contracts."

In the cancellation of the appellant's contract the appellees assigned as a cause for said cancellation one of the causes recognized by the said Act, to wit: a "justifiable decrease in the number of teaching positions," but the facts admitted by the several demurrers of the appellees show conclusively that the appellees misconstrued and misinterpreted the law as applied to such facts. Under such circumstances the decision of the School Board is not final, and the courts, in a proper case, may correct the error made in the decision. If the contention of the appellees should prevail, then the school board would be given the power to do indirectly what it is prohibited from doing directly. Such a contention as made by the appellees would permit the school board to nullify the so-called "Teachers' Tenure Act," *supra,* by the employment of non-tenure teachers and the discharge of tenure teachers even when the non-tenure teachers were filling teaching positions in the school which the tenure teacher was licensed to fill. From the facts admitted such is the situation in the instant case. This theory of the law cannot prevail. The books are full of decisions to the effect that the courts have the final power

to determine whether or not an inferior tribunal such as we have in the instant case, has exceeded its power, and unlawfully exercised its jurisdiction. We cite only a few of such decisions. In *Ewin* v. *Independent School District* (1904) (Idaho), 77 Pac. 222, it was said: "Where the power to remove a teacher is restricted or limited to certain reasons or causes, the final determination as to whether the case falls within any of these causes rests with the courts, and may be reviewed or inquired into." The principle involved in reviewing the action of an administrative board is clearly stated by Mr. Justice Holmes in *Gegiow* v. *Uhl* (1915), 239 U. S. 3 (60 L. Ed. 114). The Federal Statute provided for a hearing before the Commisioner of Immigration and that the order of the Commissioner should be "final." The court said: "The only matter we have to deal with is the construction of the statute with reference to the present case. The courts are not forbidden by the statute to consider whether the reasons, when they are given, agree with the requirements of the act. The statute, by enumerating the conditions upon which the allowance to land may be denied, prohibits the denial in other cases. And when the record shows that a commissioner of immigration is exceeding his power, the alien may demand his release upon habeas corpus. The conclusiveness of the decisions of immigration officers under Section 25 is conclusiveness upon matters of fact." Numerous cases are then cited in the opinion to sustain it. See also *Gonzales* v. *Williams* (1904), 192 U. S. 1 (48 L. Ed. 317). As throwing light upon the question, see also, *State ex rel.* v. *Lane* (1916), 184 Ind. 523, 111 N. E. 616.

There is no claim made or ground set out in the appellees' demurrer, questioning the propriety of the remedy invoked by the appellants. From the brief of the appellees we quote as follows: "The appellees

believe that the material question of law involved in these cases is that of the power of the Board of School Trustees as heretofore indicated in this answer brief, and for this reason, the appellees have not questioned the propriety of the remedy which the Appellants seek."

We do not deem it necessary to discuss the question as to the right of the appellant in the Teachers' Retirement Fund of Terre Haute.

For the reasons stated heretofore we believe the court erred in its rulings on the several demurrers to the amended complaint. The judgment is reversed and the court is directed to overrule the several demurrers and for further proceedings not inconsistent herewith.

Reversed.

Lockyear, J., dissents.