[Civ. No. 8695.   First Appellate District, Division Two.—September 29, 1932.]

CALEB G. CULLEN, Petitioner, v. THE BOARD OF EDUCATION OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Andrew F. Burke for Petitioner.

Clinton F. Pittman, as *Amicus Curiae* on Behalf of Petitioner.

John J. O'Toole, City Attorney, and Walter A. Dold, Chief Deputy City Attorney, for Respondents.

Everett W. Mattoon, County Counsel (Los Angeles), and S. V. O. Prichard and Clarence B. Penn, Deputy County Counsel, as *Amici Curiae* on Behalf of Respondents.

NOURSE, P. J.—This is an original proceeding in *mandamus* to compel the respondents to restore petitioner to his position as teacher in the evening high schools. Respondents rest upon their demurrer to the petition.

For eight years prior to May 4, 1932, petitioner was a duly elected and certified teacher in the high schools of the city and county of San Francisco, assigned to duty as such in the Galileo High School as an instructor in day classes conducted in that school. For more than six years prior to May 4, 1932, petitioner, under similar election and certification, was assigned to duty in the Humboldt Evening High School as an instructor in evening classes. On May 4, 1932, the respondent Board of Education dismissed petitioner from his position in the Humboldt Evening High School without cause and without charges or hearing. The question presented in this proceeding is whether the tenure provisions of the school law or of the municipal charter give a permanent status to a teacher who is employed in different schools conducted by the same district. The parties agree that there are no authorities on the question, and the opinion must, therefore, be one of first impression.

Section 5.500 of the State School Code provides that "Every employee of a school district . . . who after having been employed by the district for three complete consecutive school years in a position, or positions, requiring certification qualifications, is reelected for the next succeeding school year . . . shall become a permanent employee of the district." (Stats. 1931, p. 1394.)

Section 135 of the charter of the city and county of San Francisco (Stats. 1931, pp. 2973, 3057) provides: "All teachers, heads of departments, vice-principals, principals, . . . shall be classified as permanent employees in their respective positions after they have been successfully employed in such positions in the school department for a probationary period of three years. . . . "

Sections 5.660 et seq. of the School Code prohibit the dismissal of permanent employees in positions requiring certification qualifications except for cause. Similar restrictions

are found in section 135 of the San Francisco charter. (We have referred to the existing law in each instance as amended or enacted in 1931 for the reason that the new law applies to all teachers elected either before or after the enactment. *Kennedy* v. *Board*, 82 Cal. 483, 492 [22 Pac. 1042].)

The conceded facts are that petitioner had taught successfully in both day and evening schools for more than three years and had been duly classified as a permanent teacher. As such he could not be removed without cause under either the state School Code or the municipal charter. (Except, as pointed out in *Kennedy* v. *Board*, 82 Cal. 483, 493 [22 Pac. 1042], where the school is abolished, or the position has ceased to exist, or some similar conditions arise.) Hence it is immaterial whether the state School Code or the municipal charter governs in the matter of tenure of teachers employed in the San Francisco schools and we purposely refrain from determining that question. The rights and duties of the parties to this proceeding are the same under both statutes.

The petitioner's tenure as a permanent teacher became fixed by operation of law. His "position" from which he could not be removed except for cause was the employment which the statute automatically effected upon his classification as a permanent teacher. But it is wholly immaterial that a teacher may be assigned to duty in one or more schools or school buildings maintained by the school district. The teacher is the employee of the school district; the district is the entity which becomes the employer; the schools are merely instruments of the district. It cannot matter that a district may maintain two or more school buildings, or school groups, which are given separate names, or that some classes are conducted before noon, some after noon, and some after sunset. The power of the Board of Education to assign its employees to these various duties is not questioned and when such assignments have been made they must be taken as making up the "position, or positions" to which the Tenure Law applies.

Here it is admitted by the demurrer that petitioner served as teacher in both day and evening schools for a period of more than six years prior to his dismissal, and that his total period of service in any one day did not exceed eight hours. We are inclined to hold that these assignments

constitute but one "position" within the meaning of the Tenure Law and that petitioner, having served in that "position" for more than the probationary period, has become automatically re-elected to that position. In this respect we can see no distinction between this case and one where a teacher is assigned to teach for short periods in three or more day schools of the same district. If such employment continues for the statutory period, the statutory election to that "position" becomes complete.

But we should not be understood as holding that this right of tenure guarantees that a teacher must be retained in any particular school or assigned to teach any particular class or classes. This right of tenure is a right which the teacher enjoys to continue in the position or positions to which he has become elected under the statute—i. e., in a position or positions of a rank and grade equivalent to that occupied for the probationary period and to which the teacher has thus become "elected" under the statute.

Further discussion would be merely argumentative. Our judgment is that the petitioner should have a peremptory writ restoring him to duty in the Humboldt Evening High School, or to a position of equal grade and rank, and directing the respondents to annul their order purporting to dismiss him from those duties.

Let a peremptory writ issue accordingly.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 29, 1932, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 28, 1932, and the following opinion then rendered thereon:

THE COURT.—The petition for hearing is denied.

In denying a hearing, however, we withhold approval from that portion of the opinion of the District Court of Appeal which holds that the two employments of petitioner constitute but one position.