EDITH E. SEIDEL, PROSECUTRIX, v. BOARD OF EDUCA-
TION OF VENTNOR CITY ET AL., DEFENDANTS.

Argued October 5, 1932—Decided January 20, 1933.

Before Justices PARKER and LLOYD.

For the prosecutrix, *Arthur T. Vanderbilt.*

For the defendants, *Harry Miller* and *G. Arthur Bolte.*

The opinion of the court was delivered by

PARKER, J.   Prosecutrix challenges the legal propriety of
her dismissal as a public school teacher in Ventnor City, on
the ground of three years' service and the resulting status of
indefinite tenure. *Pamph. L.* 1909, *p.* 398; *Comp. Stat., p.*
4763.   The answer made is that the board of education abol-
ished her position in the interest of economy.   She replies
that the abolition was no more than the reduction by one
teacher of the teaching force in the public school, and that
she was entitled to remain as teacher in preference to others
who had not come under the protection of the statute.

The printed case shows an opinion by the commissioner
of education, sustaining the dismissal; another by the state

board of education sustaining the commissioner, and a third by the "majority of the law committee," dissenting from the result reached by the board. This last opinion was rejected in the state board by a vote of four to three, one member not voting, and the minority report of the law committee adopted, three members voting against it.

The case is not within section 3 of the act of 1909, relating to reductions in the teaching staff due to diminution in the number of pupils: for there was no diminution. It was conceded that the services of Miss Seidel were entirely satisfactory, and that there were no charges of any kind against her. The burden of the argument is that she had been employed to teach a selected class of backward and troublesome pupils, and that class having been brought to the point where the pupils could be transferred into regular classes, it was good economy to abolish it and discharge the teacher. For this action the decision of the commissioner of education in Tobey v. Board, at page 161 of the "School Law Decisions" pamphlet is invoked as authority. It is of course not binding on us, but apart from that fact, we think it is not in point; for in that case the appellant held the restricted position of "Model and Critic Teacher in the Kindergarten Department," and that department had been abolished as unnecessary. In this case the prosecutrix had been generally employed "to teach in the Ventnor City public school" in May, 1927, by written contract according to the standard form promulgated by the commissioner of education, and obviously based on section 106 of the School law. *Comp. Stat., p.* 4762. This contract was renewed from year to year in the same form. It is in evidence that when the employment of Miss Seidel was contemplated, and before the first contract was executed, she was informed that she would be assigned to this special class, and signed the contract on that theory. As to this fact there is no dispute; and the school authorities held, and counsel now argue, that this special employment restricted to a special class now abolished, must be read into the written contract. But we are unable to take this view.

The rule is of course fundamental that prior parol negotiations are merged in a written contract, as also the rule forbidding parol evidence to vary it. Miss Seidel was employed to teach; and if the board at any time had elected to transfer her to a regular class she could not legally have claimed exemption from such a service. So on the other hand, the board having assigned her under the written contract to the special class, cannot deprive her of her tenure as a teacher, by abolishing that class. She has the same standing as the other teachers under similar general contracts, with the added advantage of indefinite tenure arising from three years' service, as against those who have not served that length of time. Granting that apart from the statute, a school board may in the interest of economy reduce the number of teachers, the protection afforded by the statute would be little more than a gesture if such board were held entitled to make that reduction by selecting for discharge teachers exempt by law therefrom, and retaining the non-exempt. If such reduction is to be made at all, and a place remains which the exempt teacher is qualified to fill, such teacher is entitled to that place as against the retention of a teacher not protected by the statute.

The commissioner, and also the board, propound certain questions by way of showing the impossibility of giving due regard to the teacher under tenure. We find they are based on the false premise that prosecutrix held a special position, out of the ordinary and not that of a "teacher" at large; and starting with that premise they conclude that a teacher employed under special and restricted contract, entitled to tenure, should not, on abolition of the special employment, displace those in the general employment. But we have said that the employment of prosecutrix was general and not special, and if we are correct in this, the argument has no minor premise to support it.

As to the supposititious cases of (a) two or more tenure teachers and only one place available, and (b) one tenure teacher and several non-tenure teachers liable to discharge,

the simple answers are (a) the board must use its discretion in selecting the tenure teacher; and (b) the board must use similar discretion in selecting the non-tenure teacher to discharge. It appears in this case that there is one place filled by a non-tenure teacher who could be discharged on expiration of the annual contract and make way for prosecutrix. That is enough.

The order of dismissal will be set aside, with costs as against the board of education only.