[Civ. No. 1504. Fourth Appellate District.—November 10, 1934.]

MARGARET WALSH, Respondent, v. BOARD OF TRUS-TEES OF REDLANDS HIGH SCHOOL DISTRICT et al., Appellants.

Stanley Mussell, District Attorney, and James L. King, Deputy District Attorney, for Appellants.

Heap & Butler, J. Lamar Butler and R. H. Cantillon for Respondent.

BARNARD, P. J.—The petitioner applied for a writ of mandate to compel the respondents to reinstate her to full-time work as a teacher in the Redlands High School District for the year 1932–1933 and to pay her certain additional salary for that school year. Judgment was entered in favor of the petitioner and the respondents have appealed. For convenience, the parties will be herein referred to as the petitioner and the respondents, respectively.

A junior high school and a senior high school are maintained in the respondent district in accordance with the provisions of law. Prior to the school year of 1932–1933 the petitioner had been employed for more than three years by the respondent district, during which time she had taught vocal music for four periods a day in the senior

high school and the same subject for two periods a day in the junior high school. Early in May, 1932, the teaching of vocal music in the senior high school was entirely discontinued and abolished by action of the respondent board, and notice thereof was given to the petitioner on May 3, 1932. The teaching of vocal music in the junior high school was not abolished at that time but was continued during the school year 1932–1933. During the preceding two years another teacher had also taught vocal music in the junior high school, teaching six periods a day. She was still a probationary teacher, not having reached a permanent status, and her services were continued during the school year 1932–1933 for the full six periods a day. The petitioner was offered a contract to teach this subject in the junior high school for two periods a day, as before, and she continued to teach those periods during the school year 1932–1933, warrants in payment for that service being issued and delivered to her. During this year she brought this action asking that the respondents be compelled to reinstate and pay her as a full-time teacher in the district for that year.

The sole contention of the petitioner is that since she had acquired status as a permanent teacher through teaching vocal music she was entitled to full-time work in that subject so long as six classes in vocal music were maintained anywhere in the district. Her claim is thus set forth by the petitioner: "It is our contention that a permanent teacher, by virtue of her rights secured under the tenure law, has the right to teach the particular subject which she is qualified to teach, in preference to a probationary teacher in the event there is a decrease in the number of teachers hired for a particular subject. . . . Therefore, she has acquired, by virtue of the Teachers' Tenure Law, a preferential right to teach vocal music as against a probationary teacher."

The statutes give a permanent teacher a preferential right over a probationary teacher where the number of teachers is reduced because of a decrease in the number of pupils, but give no such right where the number of permanent teachers is reduced "on account of the discontinuance of a particular kind of service in such district". (School Code, secs. 5.710 and 5.711.) The main question here is whether the discontinuance of teaching vocal music

in this senior high school while the teaching of the same subject was continued in the junior high school is "a discontinuance of a particular kind of service in the district" within the meaning of the statute. A closely related question is whether an employment as teacher of a certain subject in both a senior high school and a junior high school, which has resulted in a permanent status, constitutes one position or two positions within the meaning of the School Code.

In *Cullen* v. *Board of Education,* 126 Cal. App. 510 [15 Pac. (2d) 227, 228, 16 Pac. (2d) 272], it was held that a teacher who had been teaching partly in a day high school and partly in an evening high school was in the same situation as one teaching in two or more day high schools in the same district. It was further held that the two assignments constituted but one "position" within the meaning of the tenure law. In denying a hearing in that case the Supreme Court withheld its approval of the latter proposition. It made no difference in the decision of that case whether the two assignments were considered as one position or two positions since both assignments were in the same district, in schools of the same class and kind, and since there was no suggestion that the work the teacher had been doing under one assignment had been discontinued.

In the case now before us, the petitioner had been teaching not merely in two schools of the same kind which might be in different buildings, but in two schools which differ materially in kind and character. With the growth of our educational system the modern senior high school, usually confined to the last three years of the former high school course, offers instruction which is designed for older and more advanced students, applying different methods, allowing more freedom both in the choice of subjects and from the routine followed in schools of a lower grade, and being, in many respects, comparable to the colleges of a generation or two ago. The junior high schools, a more recent development, usually cover the work formerly done in the first year of the senior high school, together with the work formerly given in the last two years of the elementary grades. A very marked change takes place in children about the time they leave a junior high school and enter a senior high school, and both the

subject matter taught and the method of teaching and handling pupils are quite different in the two classes of schools. The difference between these two kinds of schools is so marked that, in our opinion, it should not be held that a person teaching classes in both schools at the same time is holding one position only, although the employer in each case is the same district.

Section 5.500 of the School Code provides for permanent classification where a teacher is reelected after having been employed by a district for three consecutive school years "in a position, or positions". The use of the plural here indicates that permanent status may be achieved by the required service in one position or in more than one position. And this could not refer to positions in different districts or under different boards because the continuous service must have been for the same employer (*Gould* v. *Santa Ana High School Dist.*, 131 Cal. App. 345 [21 Pac. (2d) 623]). In the case first above cited, the Supreme Court desired to leave open the question as to whether or not teaching in a day high school and in an evening high school constitutes more than one position. Be that as it may, it would seem that a teaching service in two schools which are totally different in kind and nature, should be held to constitute two positions rather than one and that the classification statute in question was intended to and does cover such a situation. A junior high school and a senior high school are two separate institutions, and the distinction between "position" and "positions", which appears in the statute, must have been intended to cover a situation where work is done in schools of such a separate and distinct character, whether or not it can ever apply where work is done in schools of the same class and kind. We conclude that the two classes of service performed by the petitioner in these two schools are to be considered as two separate positions and that the facts of this case bring it within the intention of the statute that a teacher may acquire a permanent standing by service in two positions.

If this be true, it would seem to follow that the right accruing to a teacher on obtaining permanent standing through service in two positions may be lost as to one and kept as to the other, where the kind of work done

during the probationary period, which gave rise to the right, is discontinued and abandoned in the one case and not in the other.

Turning to the question as to how the right acquired by service in either position may be lost, aside from dismissal for cause, section 5.710 provides that a permanent employee may be dismissed because of a decrease in attendance or because of the discontinuance of a particular kind of service in the district. Section 5.711 provides for a preference over employees with a less period of service where the dismissal results from a decrease in attendance but no such provision applies when the other reason governs. The latter ground of dismissal is the only one material here and no preferential right exists if the discontinuance of the particular work here in question had the effect of abolishing one position held by the petitioner, being the one based upon her previous work in the senior high school.

We think the kind of service which may be discontinued, permitting the dismissal of a permanent teacher, may vary according to the circumstances, and that, among other things, it is not limited to a particular subject alone but may consist of a subject which has been taught for a particular purpose. For example, a teacher of mathematics might be employed in a senior high school to give certain instruction for the purpose of facilitating other work being given in some science. If this latter work were later abandoned, together with the mathematics course in connection therewith, the statute here in question should not be interpreted as giving this mathematics teacher, although thus employed for more than three years, the right to oust another teacher of lower mathematics who was teaching younger children in another kind of school, on the sole ground that he had acquired his permanent tenure as a mathematics teacher. For such a special subject was taught for a special purpose and the discontinuance of the same means that a particular kind of service in the district has been discontinued.

Similarly, we think the ''particular kind of service'' contemplated by this statute may be the teaching of a subject in a particular kind of school. As already pointed out, a senior high school differs materially from a junior high school. While some of the subjects taught in a senior high

school may be regarded as a necessary continuation of similar work in the junior high school, other subjects which may be taught in the one may be less essential in the other, and may or may not be taught there, depending upon available funds and many other conditions. Vocal music is a good example of such a subject. The teaching of music in school classes is designed not to make finished musicians but merely to give a broad general training for its cultural value and perhaps for its value in arousing an interest in such individuals as are qualified to go on with private lessons. It is an optional subject in either a junior or a senior high school, and even where such instruction is furnished for the younger students, it may or may not be continued in the senior high school. If the board furnishes such further and additional service in a senior high school, we think it constitutes a "particular kind of service" in the district within the meaning of the statute and that, as such, it may be discontinued when finances or other reasons demand.

When such a particular service is discontinued the "position" of teaching the same is abolished. And a teacher who happens to also hold another "position" teaching that same subject in a different kind of school is not entitled to oust another teacher in a lower class of school on the sole ground that the 'general subject is still taught in that school and that her permanent standing entitles her to teach that general subject anywhere and under any circumstances where and under which it may be taught.

We think a standing as a permanent teacher is related not only to the subject taught but to the "position or positions" occupied, and to the kind of school or schools where the probationary period was passed. As the court said in *Cullen* v. *Board of Education, supra:*

"This right of tenure is a right which the teacher enjoys to continue in the position or positions to which he has become elected under the statute—i. e., in a position or positions of a rank and grade equivalent to that occupied for the probationary period and to which the teacher has thus become 'elected' under the statute."

By reason of two positions held the petitioner here had acquired permanent standing in each. She could not

be capriciously removed from either without being given one of equivalent rank and grade if one existed, but when all such service of the rank and grade of one of the positions held was discontinued in the district, the statute permits her dismissal from that position. It fully appears that the petitioner here is not demanding work in this subject of a rank and grade equivalent to that which she lost, for none of that rank and grade remains in the district, but she is asking that she be given a new and further position of a lower rank and grade on the ground that the teaching of this subject, alone and of itself, entitles her to teach the same in any kind of school and without regard to the rank and grade of the position previously occupied and which has been abolished.

The petitioner does not claim the right to an additional four hours' work in the junior high school on the ground that she is qualified to do that work and had already taught two periods of that work in that school. She claims the additional right on the ground that she had acquired permanent standing as a full time teacher through teaching this subject in both schools. In other words, she maintains that her rights as a permanent teacher have accrued from the subject taught, without regard to where it was taught. If she is right in her contention, she would be entitled to teach full time in the junior high school if she had done no work at all in that school, because the subject taught by her was continued in that school which is run by the same district. In our opinion, this statute was never intended to treat teachers as interchangeable between a junior high school and a senior high school without regard to qualifications or anything except the fact that one general subject may have been taught in both. It was never intended to provide by this statute that a subject taught in a senior high school could not be discontinued without automatically transferring the teacher thereof to an entirely different sort of school.

We conclude that teaching vocal music in a senior high school is a particular kind of service in a district within the meaning of this statute, and that a discontinuance thereof ends tenure rights which have been acquired thereunder, regardless of whether or not a similar subject is

continued in a junior high school maintained in the same district.

The judgment is reversed.

Marks, J., and Jennings, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 7, 1935.

Langdon, J., voted for a hearing.