[Civ. No. 9478.   First Appellate District, Division Two.—February 5, 1935.]

DAVID P. UNRUH, Appellant, v. PIEDMONT HIGH SCHOOL DISTRICT et al., Respondents.

William T. Paullin and Albert A. Axelrod for Appellant.

Earl Warren, District Attorney, Ralph E. Hoyt, Chief Assistant District Attorney, and Agnes R. Polsdorfer and T. A. Westphal, Deputies District Attorney, for Respondents.

NOURSE, P. J.—This is an appeal from a judgment denying plaintiff a writ of mandate to compel the defendants to reinstate him as a permanent teacher in the Piedmont high school.

David P. Unruh was appointed by the Piedmont High School District in May, 1928, to serve as a teacher of music and was given the title of "head of the music department". During the school year 1928–1929, his first year of employment, he was the only instructor in the music department and he then taught both instrumental and vocal music. During the next three years he taught vocal music only but retained the title of music head for the second and fourth years of his teaching. On May 10, 1932, appellant received notice of honorable dismissal from the Board of Education with a statement that the vocal branch of the music department was being discontinued at the high school. He received a second precautionary dismissal prior to May 15, 1933. Appellant held a secondary life certificate which entitled him to teach music in all public schools. During the latter three years the school had employed other teachers to teach instrumental music and at the time of plaintiff's dismissal a probationary teacher was continued in this capacity. Since plaintiff was qualified to teach in this branch and was a permanent teacher, and since the music department, of which he was the head, was continued, he contends that he should have been retained instead of this other teacher.

Section 5.710 of the School Code provides that if a "particular kind of service" is discontinued in a school, the board may dismiss the employee connected with that service. The question here is whether or not vocal music, which was taught by plaintiff, is a "particular kind of service" to be distinguished from instrumental music which was continued in the school. Plaintiff claims that the two types cannot be divided and, since the reason for dismissal was "financial stringencies" and the fact that there were only one-third as many pupils in his classes as were required to make a full-time teaching position, he comes under section 5.711 of the School Code, which provides that if an employee is to be dismissed on account of a decrease in the number of pupils attending the school the last person engaged shall be

the first discharged. But respondents point out that there was no evidence of a *decrease* in the enrollment in the vocal music department or of the number of pupils attending the high school, but that the order was based upon a resolution discontinuing that particular branch of instruction.

There is dispute as to the meaning of the title "head of the music department". Respondents state that it was merely nominal, while appellant argues to the contrary since he received $700 a year more salary than a teacher would receive. Appellant cites *Cullen* v. *Board of Education,* 126 Cal. App. 510 [15 Pac. (2d) 227, 16 Pac. (2d) 272], and *Anderson* v. *Board of Education,* 126 Cal. App. 514 [15 Pac. (2d) 774, 16 Pac. (2d) 272], in an attempt to prove that his position as "head of the music department" cannot be taken away while the music department is continued. But respondents cite 5.502 of the School Code, which provides that, unless the city charter provides otherwise (as in the above cases), teachers' tenure does not apply to supervisory positions but only to work as a classroom teacher. This fact renders the cases cited inapplicable here. Respondents further argue that, since appellant held this title only during the first, second and fourth years of his employment, he was not employed for three consecutive years in this capacity and therefore was not entitled to tenure except as a teacher of vocal music.

The power of the respondents to act in cases of this kind is found in section 5.710 of the School Code, where it is provided that "whenever it becomes necessary to decrease the number of permanent employees in a school district on account of a decrease in the number of pupils attending the schools of such district, or on account of the discontinuance of a particular kind of service in such district, the governing board may dismiss such employee at the close of the school year". Section 5.711 provides: "If the dismissal of such employee shall become necessary on account of the decrease in the number of pupils attending the schools of the district, such employee so dismissed shall be the last person engaged in the type of work so discontinued."

It will be seen that the dismissal of the last person engaged is required only when a dismissal is made necessary on account of a decrease in the number of pupils attending the school. Here the dismissal was made on account of the

"discontinuance of a particular kind of service". Preceding the order of dismissal the school board determined that the "particular kind of service" performed by the appellant should be discontinued and that the appellant was performing that kind of service and that only. This is a determination of an essential issue of fact which is primarily committed to the school board. Under our system of government such administrative functions cannot be controlled by judicial writ upon a mere showing of a difference of opinion. Before *mandamus* will issue to compel the respondents to take action other than that recorded, the applicant must show that the action taken was arbitrary or capricious or that the action which he demands is specially enjoined upon respondents by law. Here the applicant has failed to make any showing other than that the respondents, presumably in good faith, have made a decision which he deems erroneous.

But, on the merits of the complaint, the appellant is not entitled to the relief sought because the right of tenure given him by section 5.500 of the School Code extends only to the "position or positions" in which he had been employed "for three consecutive school years". Assuming that the position of teacher of vocal music and the position of head of the music department are separate "positions" under the meaning of this section, it is undisputed that appellant's only consecutive service was in the position of teacher of vocal music. Hence he has gained no right of tenure in the position of head of the department. If these are not separate positions then the combination has been abolished under the express authority of section 5.710. All the evidence supports the contention of the respondents that the "particular kind of service" for which appellant had been employed for three consecutive school years was the teaching of vocal music and that, for reasons coming within the express authority of section 5.710, this particular service had been discontinued.

For these reasons the judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 7, 1935, and an applica-

tion by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 4, 1935.

Langdon, J., voted for a hearing.