636

## Goodman v. Pennsylvania Liquor Control Board et al.

*Sidney G. Handler* and *Matthew M. Richman*, for plaintiff.

*Horace A. Segelbaum* and *William M. Rutter*, Deputy Attorneys General, and *Claude T. Reno*, Attorney General, for defendants.

HARGEST, P. J., July 15, 1940.—Plaintiff filed a bill in equity for an injunction to restrain the Liquor Control Board from putting into effect an order affecting his employment by the Liquor Control Board in the event that he should render any service whatever as a substitute teacher to the Philadelphia School District.

Pursuant to the Equity Rules, a case stated was filed, from which it appears that plaintiff, a resident of Philadelphia, is employed by the Pennsylvania Liquor Control Board as a clerk in a liquor store in Philadelphia; that he is on a list indicating that he is eligible for employment as a substitute teacher by the Philadelphia School District and has been, and may be at any time, so employed. His duties as a substitute teacher are temporarily to replace other teachers who are temporarily absent.

Section 302 (c) of the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, as amended by the Act of June 16, 1937, P. L. 1762, 47 PS §744-302, provides, in part, as follows:

"The tenure of any person holding a position under the provisions of this act shall be during good behavior, but any such person may be removed, demoted, suspended without pay or with reduced pay, transferred, reprimanded, or restored to his position or another position with such pay as may be equitable for any of the following causes: Incompetency, inefficiency . . . or any other act or acts which are incompatible with, or inimical to, the public service. . . . No such person shall hold any other public office or position under this Commonwealth, or any political subdivision thereof, nor by his own act or permission become a candidate for nomination or election to any public office during the time of his employment by the board."

Pursuant to this statute, plaintiff was notified as follows:

"You are informed that any employe whose name is on the substitute school teachers' list for the public school system, may retain his name on that list. However, the acceptance of an assignment as a substitute teacher for even one day is a violation of that section of the Liquor Control Act prohibiting dual employment."

The only question involved is whether a person who performs services as a substitute teacher for a school district is holding a "position under this Commonwealth, or any political subdivision thereof."

Plaintiff contends that he is not within the language of the statute because (a) the School District of Philadelphia is not a "political subdivision" of the Commonwealth, and (b) that he does not hold a "position" under the school district.

(a) Plaintiff relies on the case of Wilson et ux. v. Philadelphia School Dist. et al., 328 Pa. 225, and the School Code of May 18, 1911, P. L. 309, to support his

contention that the school district is not a political subdivision of the State Government, but it is not necessary to have recourse to the decisions. The Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §601 et seq., provides, in part, in section 101:

"The following words and phrases, when used in any law hereafter enacted, unless the context clearly indicates otherwise, shall have the meanings ascribed to them in this section. . . .

"(88) 'Political subdivision,' any county, city, borough, incorporated town, township, school district and poor district."

The matter is therefore precluded by this statute, and it must be assumed that the Philadelphia School District is a political subdivision.

(b) That brings us to the more serious question as to whether or not being on an eligible list of substitute teachers, from which a teacher may occasionally be called to temporarily relieve a regular teacher, constitutes the holding of a "position" within the meaning of the Liquor Control Act, supra.

On the one hand we might rather summarily dismiss the matter by confining ourselves to the etymological definition of the word "position", which means, as applied to the present situation, "the state of being placed," "place occupied or assigned to a person or thing." As thus narrowly interpreted, plaintiff has been placed on a list and he has been assigned and is capable of being assigned temporarily to teaching because of that list.

But when the words of a statute are susceptible of more than one interpretation they must be construed according to the reason, purpose, and intendment of the act. The principle is succinctly stated in Church of the Holy Trinity v. United States, 143 U. S. 457, 459:

"It is a familiar rule, that a thing may be within the letter of the statute and yet not within the statute, because not within its spirit, nor within the intention of its makers."

When we look at the statute we find that section 302 is a civil service provision providing for tenure of employes "during good behavior." The very portion of the statute already quoted designates employment during good behavior as a "position." It also provides for dismissal or discharge for any act "incompatible with, or inimical to, the public service"; so that full authority is given to the board to act where employes absent themselves from the duties imposed upon them, and the provision in question would not be needed to assert the rights of the board in the public interest for absence from duty.

However, the particular provision is that "No such person shall hold any other public office or position under this Commonwealth, or any political subdivision thereof." And the question is whether, as stated by the board itself, teaching "for even one day is a violation of that section." The intention of the legislature seems to be plain, namely, to prevent an employe from dividing his time in some other public office or position. Assuming for the purpose of this discussion (which also may be a violent assumption) that a school teacher fills a "public" employment, does one who is on the list and subject to be called, perhaps one day or two days or ten days a year, or not at all, hold a position within the meaning of this statute?

In People ex rel. v. Coffin et al., 282 Ill. 599, 606, 119 N. E. 54, 57, the court defines "office," "position," and "employment" as follows:

"An office is a place in a governmental system created or recognized by the law of the State, which either directly or by delegated authority assigns to the incumbent thereof the continuous performance of certain permanent public duties. A position is analogous to an office in that the duties that pertain to it are permanent and fixed, but it differs from an office in that its duties may be non-governmental and not assigned to it by any public law of the State. An employment differs from both an office and a position in that its duties, which are non-governmental, are neither certain nor permanent."

It would seem from this quotation that the situation of plaintiff in the instant case fits into the term "employment" rather than "position".

In Reading et al., etc., v. Maxwell, 46 Ariz. 500, 52 Pac. (2d) 1155, 1157, there was a temporary appointment of a clerk in the city water department which had not existed for 60 days. The court said (p. 506):

"That there is a difference between *temporary employment* and a *position,* as used in Ordinance 715 and the rules thereunder, seems clear. In rule 8, *supra, temporary employment* and a *position* are treated of in separate paragraphs. A temporary employment can never become permanent or continuous and only a position can be permanently filled from the eligible list."

In Fredericks v. Board of Health, etc., 82 N. J. L. 200, 82 Atl. 528, it is said (p. 201):

"A position is analogous to an office, in that the duties that pertain to it are permanent and certain, but it differs from an office, in that its duties may be non-governmental and not assigned to it by any public law of the state. . . .

"An employment differs from both an office and a position, in that its duties, which are non-governmental, are neither certain nor permanent."

In Margerum v. Mayor and Common Council, etc., 120 N. J. L. 36, 198 Atl. 385, it was held:

"The mere employment of an exempt fireman as a 'night clerk' by a mayor of a borough without more, does not constitute such a person the holder of an office or position in the municipality and thus protected by the tenure given exempt firemen . . ."

In Anderson v. Board of Education, etc., et al., 126 Cal. App. 514, 15 Pac. (2d) 774, 776, it was held, in construing the Teacher Tenure Act, that the word "position" applies to the employment of the individual and not to the right for employment.

And in Mitchell v. Board of Trustees, etc., et al., 5 Cal. App. (2d) 64, 42 Pac. (2d) 397, 400, the court construed the position as implying a permanent occupation, and re-

ferred to the case of Cullen v. Board of Education, etc., et al., 126 Cal. App. 510, 15 Pac. (2d) 227, 16 Pac. (2d) 272, as disapproving the contention that one who acquired one position as a teacher in the regular high school and also taught in an evening high school secured two positions.

The converse of the foregoing cases may be found in McGrath v. Mayor, etc., et al., 85 N. J. L. 188, 89 Atl. 48, in which it was held that the place of an assistant building inspector filling the office under an ordinance which created the term for one year was a position. It is there said (pp. 191, 192) :

"The place being a permanent one, the duties appertaining to it must also be.

"Are these duties certain as well as permanent? We think they are. . . .

"We conclude, therefore, that the place of assistant building inspector is a 'position' within the meaning of the act of 1911 regarding exempt firemen."

While these cases are not directly in point, they illustrate that the judicial construction placed upon the word "position" is not that of such an ephemeral thing as may result in a service for a day or a week or more, or no service at all, and that the employment under such an arrangement is not judicially considered to be the filling of a position.

There is another principle which supports plaintiff's contention, that is the doctrine of ejusdem generis. In Frederick's Estate, 333 Pa. 327, is is said (p. 331) :

"General expressions used in a statute are restricted to things and persons similar to those specifically enumerated in the language preceding the general expressions . . . ."

This rule is also found in the Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 63. Applying it to the instant case we find that the legislature apparently did not want to burden the Liquor Control Board

with a situation of having any of its employes holding any other public office. The board might have been under political pressure to appoint persons holding subordinate political positions, such as constables, and it is easily conceivable that the legislature was protecting the Liquor Control Board from a situation of that kind, where there might be some divided attention. It is not so readily conceivable that, by the use of the language of the statute prohibiting the holding of any position under a political subdivision, the legislature intended to present a situation where an ambitious and worthy person in the employ of the Liquor Control Board could not maintain his status until he could be permanently selected as a teacher of the school system; in other words, that teaching for a single day in the school system would imperil his employment under the Liquor Control Board. We are of opinion that stretching the language of the statute to that extent would take it out of the class with which the legislature was dealing.

We are, therefore, of opinion that interpreting this statute according to its reason and spirit does not justify the extension of it to the situation presented by the instant case.

As we have already indicated, the efficiency of the operation of the Liquor Control Board is abundantly protected by the other provisions of the statute.

The prothonotary is hereby directed to enter the following decree:

And now, July 15, 1940, the Pennsylvania Liquor Control Board, its officers, agents, and employes are hereby permanently enjoined from asserting and enforcing against plaintiff the order of said board dated November 6, 1939, that his "acceptance of an assignment as a substitute teacher for even one day is a violation" of section 302 (c) of the Pennsylvania Liquor Control Act, unless the issuance of such permanent injunction be waived in writing. The costs to be paid by the Liquor Control Board.