190 A.2d 23 (1963)
BOARD OF SCHOOL TRUSTEES OF the GUNNING BEDFORD JR. SCHOOL DISTRICT NO. 53, Appellant,
v.
James V. O'BRIEN, Appellee.
Supreme Court of Delaware.
April 4, 1963.
Joseph H. Goeghegan, of Berl, Potter & Anderson, Wilmington, for appellant.
Thomas Herlihy, Jr., and Herman Cohen, Wilmington, for appellee.
SOUTHERLAND, C. J., and WOLCOTT and TERRY, JJ., sitting.
*24 TERRY, Justice.
The appellee, James V. O'Brien, has been employed as a professional teacher by the Board of School Trustees of the Gunning Bedford Junior School District Number 53, or by one of its predecessor boards at the Delaware City School, since September, 1954. Accordingly, under the provisions of 14 Del.C. § 1403, appellee qualifies as a tenure teacher and is certified to teach general music, music appreciation, elementary music, instrumental music, and vocal music. During his period of employment, appellee has taught both instrumental and vocal music. His contract, however, continued to indicate his position as that of a "music teacher."
Following a reorganization of various component schools of the district, appellee, beginning in September 1961, taught instrumental music only. The responsibility for teaching the other courses of music in the district were assumed by a teacher who had not achieved tenure status. During the 1961-1962 school year, enrollment in the instrumental music program declined approximately 42%. On 24 April 1962, the Board of School Trustees voted to discontinue all instruction in instrumental music. In addition to taking this action, the board notified appellee, by the formal communication required by 14 Del.C. § 1402, that because of the discontinuance of instruction in instrumental music, appellee's services were no longer required.
Mr. O'Brien elected to exercise his right to a public hearing, as provided by 14 Del. C. § 1413, and the board, after hearing testimony and receiving evidence, confirmed its previous decision. Pursuant to 14 Del. C. § 1414, appellee sought judicial review in the court below, which sustained his position. It is from the decision of that court that appellant school board prosecutes this appeal.
14 Del.C. § 1411 provides, inter alia:
"Termination at the end of the school year shall be for one or more of the following reasons: immorality; misconduct in office; incompetency; disloyalty; neglect of duty; willful and persistent insubordination; a reduction in the number of teachers required as a result of decreased enrollment *25 or a decrease in education services."
It is clear that the board, in making its decision, relied upon the statutory language allowing dismissal for "a reduction in the number of teachers required as a result of decreased enrollment or a decrease in education services." In support of its decision, the board made the following findings of fact:
(a) There has been a substantial decrease in the number of students enrolled in the instrumental music program.
(b) The education program of the district would benefit if instruction in instrumental music were replaced by instruction in art.
(c) An instructor in instrumental music will no longer be required to be employed by the school board.
(d) The total pupil enrollment in the school district has increased.
These findings of fact are supported by substantial evidence and are binding on appeal. 14 Del.C. § 1414; Board of Ed. Laurel Special School District v. Shockley, Del., 155 A.2d 323 (1959). The board, however, made no finding that the remaining program in music could be adequately directed by one teacher. The failure to make such a finding would normally necessitate a remand. However, in view of our opinion on the main issue of this appeal, we deem such action unnecessary.
Appellant's first contention is that the lower court misconstrued the meaning of the statutory term, "decreased enrollment," since the lower court held that there was no decrease in enrollment since the total pupil population had increased. We agree with this contention. For example, assume that the number of academic subjects taught in a particular high school decreases, while total pupil population increases as a result of an increase in the number of commercial subjects taught. It would be unreasonable to assume that the board could not dismiss a tenure teacher qualified only in academic subjects merely because total pupil population has increased. See Jones v. Holes, 334 Pa. 538, 6 A.2d 102 (1959). Appellee, however, urges that the decision may be sustained on the more narrow ground that the statutory language does not apply to the latest area of assignment within the general field of the teacher's competence, interest, and training. This contention will be considered infra.
Appellant's second contention is that appellee voluntarily accepted responsibility for the instrumental music program and was not compelled to assume this position. In the first place, we are unable to understand the thrust of this argument, since appellant concedes that appellee enjoys tenure as a "music teacher." In the second place, the board made no finding to this effect. In the third place, and most importantly, if the board had directed appellee to assume the duties in question, he would have been compelled to comply or risk dismissal for insubordination. Certainly, appellee should not be penalized because of his willingness to assume responsibility for an experimental program. As noted supra, at all times appellee's contract described him as a "music teacher;" at no time was this description limited to a teacher of instrumental music.
Appellant's third and final contention is that since appellee's only duties during the last school year were as a teacher of instrumental music, the elimination of that activity justified dismissal of appellee. In support of this contention, appellant places principal reliance upon a series of decisions by the courts of Pennsylvania and California. An examination of these cases indicates little, if any, support for appellant's position.
Appellant first cites Ehret v. School District of Kulpmont, 333 Pa. 518, 5 A.2d 188 (1939). In Ehret, the kindergarten class was discontinued and the teacher responsible for this program was dismissed. *26 The teacher appealed and argued that the board was required to either continue kindergarten classes or compensate her, regardless of the fact that there was no other area in which she was qualified to teach. Recitation of these facts clearly indicates that the position of the teacher in the instant case is clearly distinguishable from the unreasonable and unwarranted position taken by the teacher in Ehret. Jones v. Holes, cited supra, again raised the question of a demand by a teacher to be paid even though there was no position available for which he was qualified to teach.
The Supreme Court of Pennsylvania itself has shown the distinguishing features of these prior cases in Striebert v. York School Dist. Directors, 339 Pa. 119, 14 A.2d 303 (1940), wherein the court stated:
"* * * in those cases it affirmatively appeared that there were no other available places which the respective employes were qualified to fill." (Emphasis added).
Turning now to the California decisions cited by appellant, the board first cites Walsh v. Board of Trustees of Redlands High School District, 2 Cal.App.2d 180, 37 P.2d 700 (1934). In view of the fact that the reasoning of this case was specifically disapproved by the Supreme Court of California, in Holbrook v. Board of Education, 37 Cal.2d 316, 231 P.2d 853 (1951), we deem it unnecessary to give additional attention to this decision. A more serious problem is presented, however, by Unruh v. Piedmont High School District, 4 Cal. App.2d 390, 41 P.2d. 212 (1935). In Unruh, similar to the facts presented here, the teacher had originally taught both instrumental and vocal music. At the time of dismissal, the teacher was teaching only vocal music, and at this time instrumental music was being taught by a probationary teacher. The court held that the dismissal was proper, since the teacher had acquired no tenure status as a teacher of instrumental music since he had never taught instrumental music for three consecutive years. The California Tenure Act provided that tenure would attach only to a position or positions held for three consecutive years. Since the board here concedes that appellee's tenure may not be fragmentized into vocal or instrumental portions, this decision is clearly distinguishable.
On the other hand, there is a substantial weight of authority standing for the proposition that a provision in a tenure act, allowing dismissal of tenure teachers as a result of a reduction in service or enrollment, does not apply if there are non-tenure teachers teaching in the general area of competence, interest, and training of the tenure teacher. See Barnes v. Mendenhall, 98 Ind.App. 229, 183 N.E. 556 (1932); Seidel v. Board of Education of Ventnor City, 110 N.J.L. 31, 164 A. 901 (1933), affirmed 111 N.J.L. 240, 168 A. 297 (1933); Pickens County Board of Education v. Keasler, 263 Ala. 231, 82 So.2d 197 (1955); and 47 Am.Jur. Schools Sec. 139.
The position taken by appellants would, in our opinion, be inconsistent with the intent and purpose of the Tenure Law. Certainly, no one would deny the right of the school board to embark upon an experimental program of instruction, and a tenure teacher may not complain of the discontinuance, even though there are no other subjects in which he is competent to teach. See Jones v. Holes, cited supra. However, for the very same reason, a tenure teacher should not be penalized because of his association with an experimental program. For example, if appellant's contention is correct, a mathematics teacher who has devoted his entire professional life to the teaching of elementary mathematics could be directed by a school board to teach advanced mathematics, exclusively, for one school year. If the advanced course were discontinued then under the theory advanced by the board, the teacher could be displaced by a non-tenure teacher, even though he was ready and willing to reassume his position as a teacher of elementary mathematics. This court *27 will not impute such an unreasonable construction to the tenure act.
Appellee was certified to teach all forms of music instruction. He is not demanding the right to replace a non-tenure teacher in any subject other than that of his principal area of competence, certified training, and interest. We hold, therefore, that the board could not properly dismiss appellee, while, at the same time, retain a non-tenure teacher as director of the music department of the school district. As stated in Watson v. Burnett, 216 Ind. 216, 23 N.E.2d 420, 423, "To countenance such an interpretation of the law would be to permit the trustees to do indirectly that which the law expressly forbids them to do directly."
We feel the following caveat should be added: We refrain from expressing any opinion upon the subject of seniority between tenure teachers. Compare Seidel v. Board of Education of Ventnor City, 110 N.J.L. 31, 164 A. 901 (1933), Affirmed 111 N.J.L. 240, 168 A. 297.
The judgment of the court below is affirmed.