JOSEPH FEDELE *v.* BOARD OF EDUCATION OF THE TOWN OF BRANFORD

COURT OF COMMON PLEAS     NEW HAVEN COUNTY     FILE No. 106992

Memorandum filed November 4, 1977

*Ronald Cordilico* and *Gould, Killian & Krechevsky,* for the plaintiff.

*Frank J. Dumark,* for the defendant.

FITZGERALD, J. The plaintiff was a tenured school teacher in the intermediate school of the town of Branford. His contract was not renewed by the board of education for the school year commencing September, 1976. The plaintiff's contract indicated that he was hired ". . . as a Teacher in the public schools of said Town . . ." He was originally hired for the school year commencing in September, 1972, and his employment thereafter continued until the September, 1976 termination, so that he had achieved tenure in the Branford school system.

On February 18, 1976, the defendant board of education voted to eliminate six intermediate school positions in the Branford school system, and on June 22, 1976, the board identified one of the positions to be eliminated as the vocal music position which was held by the plaintiff.

According to Ernest E. Weeks, the superintendent of schools, who testified at the hearing in court, the board's policy of reducing the professional staff was a result of decreasing enrollments as well as financial considerations in the school system. The board decided to place the emphasis on academics in dismissing teachers in the nonacademic field of unified arts such as music. The defendant board contends that its staff reduction policy as adopted on June 22, 1976, became a part of its rules and regulations for purposes of terminating a teacher's contract.

The Branford school system is divided into three areas: grades K through 4, the elementary school level; grades 5 through 8, the intermediate school

level; and grades 9 through 12, the high school level. The board decided to reduce the staff by ten positions and allocated six of those positions to the intermediate school level. The board's staff reduction policy provided, in section B thereof, that "[n]o tenured teacher will be terminated while non-tenured teachers hold positions in the certification area within the organizational level being reduced." The board would define the organizational level as being the intermediate school in the plaintiff's case and would restrict section B to that educational level.

The stipulation of facts entered into by the parties through their attorneys admitted that the same position of vocal music teacher was held in the high school by a nontenured teacher. It is the board's position that the plaintiff was hired as a vocal music teacher in the intermediate school and that as such, upon termination by the board, he was subject to replace only a nontenured music teacher in the intermediate level of grades 5 through 8. In fairness to the board, the plaintiff's employment application form was filled out in the section for the "Elementary School and Intermediate School Applicants Only" and it was left blank in the section entitled "Senior High School Applicants Only." On that application form, the plaintiff set forth his "Teaching Experience" which appeared to be extensive, and he testified in court that his prior teaching experience was at the high school and junior high school levels. The record of the hearing that the board afforded the plaintiff, who was represented by counsel, indicates that he testified that his teacher certification was for secondary school "Music — Grades 7 through 12."

The plaintiff's exhibit A is a copy of his long-term contract with the Branford board of education, which states that it may be terminated by the board pursuant to § 10-151 of the General Statutes and

which further notes that it is subject to the statutes of the state of Connecticut and the rules and regulations of the board of education.

In the defendant's brief it is admitted that the plaintiff's employment could only be terminated in accordance with the six reasons contained in § 10-151 (b). Only the fifth of those reasons applies to this case, i.e., "elimination of the position to which the teacher was appointed, if no other position exists to which he or she may be appointed if qualified." Importantly, the statute says nothing about classifications of schools. All that is required for a teacher to be retained whose position has been eliminated is the existence of another position for which he is qualified. This statutory section encompasses the whole school system and is not limited to arbitrary classifications created by the board such as the elementary, intermediate and high school levels of education.

Section 10-220 of the General Statutes sets forth the powers of local boards of education and subjects the board in the employment and dismissal of teachers to the provisions of § 10-151. The board claims that § 10-221 permits a board "to prescribe rules for the management, studies, [and] classification . . . of the public schools" which the board has done in establishing the classifications of elementary, intermediate and high school on the basis of grade levels. The board's staff reduction policy which prohibits "bumping" between levels of the three organizational classifications of the Branford school system is, however, absolutely at variance with § 10-151 (b) (5).

The furnishing of education for the general public is a state function and duty. By statutory enactment, the legislature has delegated this responsibility to the local boards which serve as agents of

the state in their communities. Article eighth, § 1, of the Connecticut constitution provides that "[t]here shall always be free public elementary and secondary schools in the state. The general assembly shall implement this principle by appropriate legislation."

*Bauer* v. *Costello,* 7 Conn. Sup. 98, involved a refusal by a board of education to displace non-tenured teachers in favor of tenured teachers who had taken maternity leaves and who wanted to return to work. The court in that case held (p. 102), inter alia, referring to the board plurally as defendants: "(b) Defendants were obliged to permit each plaintiff when she reported for duty at the end of her leave to resume her teaching duties if there was a position for which she was duly certificated and qualified and which was either vacant or held at that time by a non-tenure teacher. (c) Defendants are now obligated to permit each plaintiff to resume her teaching duties if there is a position for which she is duly certificated and qualified and which is either vacant or now held by a non-tenure teacher, and it is the defendants' duty in the latter case to remove or displace such non-tenure teacher from such position."

In other jurisdictions throughout the country, courts have not only upheld teacher tenure acts but have ruled in favor of the tenured teacher and against the nontenured teacher in cases involving termination of employment. *Board of School Trustees* v. *O'Brien,* 56 Del. 79; *Hankenson* v. *Board of Education,* 15 Ill. App. 2d 440. "Even though by statute a justifiable decrease in the number of teaching positions is recognized as ground for the cancelation of a permanent tenure contract, the retention of a probationary teacher and the dismissal of a permanent employee qualified to teach in the posi-

tion of the nontenure teacher is not authorized. by such a statutory provision." 47 Am. Jur. 397, Schools, § 139.

It is the court's opinion that the defendant board acted illegally in terminating the plaintiff's employment and in not following the mandates of § 10-151 (b) (5) of the General Statutes. Accordingly, the plaintiff's appeal is sustained and the action of the defendant board is reversed.