WATSON *v.* BURNETT

[No. 27,259. Filed November 13, 1939. Rehearing denied December 12, 1939.]

*Hays & Hays, Alonzo C. Owens, John S. Taylor,* and
*J. Olias Vanier,* for appellant.

*Charles H. Bedwell,* for appellee.

SWAIM, J.—This is an appeal from the judgment of
the Sullivan Circuit Court granting appellee a tem-
porary mandatory injunction against the appellant as
trustee of Turman School Township of Sullivan County.
By this injunction appellant was restrained from con-
tinuing his acts in denying to the appellee a definite
written contract as a public school teacher in the public
schools of said school township and was ordered to
prepare, execute, as such trustee, and tender to the
appellee for her signature a definite written contract
employing appellee as a teacher in said schools for the
year 1939-1940.

In the year 1928 the appellee, having served under
written contract as a teacher in such school township
for the past five consecutive years, entered into a writ-
ten teacher's contract for further service as a teacher
in the public schools of said school township for the
school year of 1928-1929 and thereby became and was
a permanent tenure teacher of such school corporation
and the holder of an indefinite contract under the terms
of the Teachers' Tenure Act of 1927. (Ch. 97, Acts

1927.) Thereafter the appellee continued to teach in the public schools of said school township until the close of the school year of 1936-1937, when she was discharged by appellant and informed that she would not thereafter be permitted to teach in the public schools of said township. The appellant, as trustee of said school township, failed and refused to enter into a definite contract with the appellee for the school years of 1937-1938 and of 1938-1939, although appellee repeatedly demanded of appellant such a definite contract and that she be permitted to teach in such schools.

On March 19, 1938, the appellant, as trustee of said school township, pursuant to § 2 of said Teachers' Tenure Act, *supra,* served notice on the appellee of his intention to consider, on April 25, 1938, the matter of the cancellation of appellee's permanent teacher's contract. Thereupon the appellee, pursuant to the terms of said statute, requested a hearing on such consideration and a written statement of the reasons for the consideration of the cancellation of her contract. Pursuant to this request the appellant furnished appellee the following written statement of reasons:

"To Julia C. Burnett:

"Complying with your request, the cancellation of your alleged indefinite contract as a permanent teacher of Turman School Township, Sullivan County, Indiana, will be considered on April 25, 1938, for the following reasons:

"1. Justifiable decrease in the number of teachers. The reduction in the number of teachers of Turman School Township, Sullivan County, Indiana, is brought about by the decrease in attendance, and it is necessary, under the rules of the State Board of Education, to reduce the number of teachers in the Township in order to obtain and retain State aid and tuition support for the schools.

"2. You hold only a primary teacher's license, which authorizes you to teach only in the first four

grades and will not permit you to teach in the intermediate grades.

"Dated this 22nd day of April, 1938.

Wm. W. Watson,
Trustee, Turman Township,
Sullivan County, Indiana."

On the date set for said hearing the appellee appeared and filed her written objections to the jurisdiction and power of the appellant to cancel her contract. The appellant then considered the matter of the cancellation of said contract and did then and there cancel the same. An appeal from this decision was taken by appellee to the county superintendent of schools and at the hearing on such appeal both parties were present and represented by counsel. On May 31, 1938, the said county superintendent of schools rendered a written opinion which attempted to determine the legal questions involved in the controversy and stated that a decrease in the number of teachers was justified, but failed to make any statement or finding that the justifiable decrease in the number of teachers made it necessary to dispense with the services of a tenure teacher.

Appellee was not permitted to teach in said schools during the school year 1938-1939 and in June, 1939, appellee again demanded of appellant that she be given a definite written contract, be reinstated as a teacher in said schools and be permitted to teach during the school year of 1939-1940. On the refusal of the appellant to accede to this demand this action for a mandatory injunction was brought by appellee. The cause was submitted to and tried by the court on the verified complaint and the affidavits filed by both parties and by the agreement of the parties no other evidence was offered. The court ordered that:

"* * * the defendant be and he hereby is restrained from continuing his acts in denying to the

plaintiff a definite written contract as a public school teacher in the public schools of Turman School Township of Sullivan County, Indiana, and that the defendant be and he hereby is mandated to prepare and tender to the plaintiff for her signature a definite written contract authorizing the plaintiff to teach in the public schools of such school township for and during the school year of 1939-1940, which definite written contract shall be signed by the defendant as Township Trustee of such school township and which shall state the date of the beginning of the school term, the number of months in the school term, the total amount of salary to be paid during the school year, and the number of payments of such salary that shall be made during the school year, all until the final hearing of this cause, or the further order of this court."

When the appellant was called upon, pursuant to the statute, to state his reasons in writing for the proposed cancellation of appellee's contract he assigned only two reasons: (1) justifiable decrease in the number of teachers, and (2) the fact that appellee held only a primary teacher's license which would permit her to teach only in the first four grades. It is not denied by appellant, however, that non-tenure teachers are being hired by appellant to teach in grades for which the appellee is licensed. The first reason assigned by appellant is one of the reasons recognized by the 1927 statute as justifying the cancellation of the contract of a permanent tenure teacher. This case, however, presents the question of whether a justifiable decrease in teachers authorizes the retention by the trustee of a teacher who has not acquired a permanent tenure status and the cancellation of the contract of a teacher who has acquired such status and who is qualified to teach in the position for which the non-tenure teacher is retained? It is our opinion that this question must be answered in the negative. To hold otherwise

would be contrary to the entire spirit and purpose of the Act. The principal purpose of the Act was to secure permanency in the teaching force. If a justifiable decrease in the number of teaching positions should be held to give to the trustee the power to choose between tenure and non-tenure teachers, both of whom are licensed to teach in the teaching position which remains, he is thereby given the power to nullify the Teachers' Tenure Act, and to discharge without cause a teacher who has, by reason of having served satisfactorily as a teacher during the specified period, secured a tenure status and an indefinite permanent contract. To countenance such an interpretation of the law would be to permit the trustee to do indirectly that which the law expressly forbids him to do directly. *Barnes* v. *Mendenhall* (1932), 98 Ind. App. 229, 242, 183 N. E. 556.

Appellant also insists that the remedy of appellee was an action to mandate the appellant to give appellee a definite teaching contract. One of the two principal matters decided by this court in the case of *Lost Creek School Twp., Vigo County* v. *York* (1939), 215 Ind. 636, 21 N. E. (2d) 58, was the question of what remedies are available to the teacher in such a case as this. In that case this court held that, since, according to the decision of the Supreme Court of the United States in the case of *State of Indiana ex rel. Anderson* v. *Brand* (1938), 303 U. S. 95, 58 S. Ct. 443, 82 L. Ed. 685, 113 A. L. R. 1482, the rights of such a teacher arise out of contract and since the contractual rights held by such a teacher constitute only an indefinite contract entitling the teacher to a succession of definite contracts, the terms of which definite contracts must be fixed and determined by the trustee or other proper school officials pursuant to the applicable statutes, the teacher's indefinite contract will only

support an action in equity to compel the recognition of his permanent status and to give him the definite contract to which he may be entitled. Under that decision the equitable action by the appellee for a mandatory injunction was proper. This action was instituted by the appellee before the Acts of 1939 were promulgated and Chapter 155 of said Acts could, therefore, not affect his action.

Appellant contends that the court erred in granting a temporary mandatory injunction which in effect amounted to a final disposition of the case. As this court said in the case of *Brauns* v. *Glesige* (1891), 130 Ind. 167, 169, 170 N. E. 775, "Where there is an unlawful invasion of a party's right, irreparable and continuing in its nature, the court may issue a mandatory injunction, and this it may do in an extreme case in the first instance, as well as upon final hearing. 1 High on Injunctions (3d ed.), §§ 2 and 708."

In this case the trial court had before it the verified complaint of the appellee, the affidavit prepared and filed by the appellant, purporting to give his full answer to the charges of the complaint and the affidavit filed by the appellee in support of her petition. These three documents together with the various exhibits attached thereto gave the trial court a complete picture of the controversy and presented such a case that this court cannot say that it was an abuse of discretion on the part of the trial court to grant the temporary mandatory injunction which was granted. The complaint, affidavits and exhibits disclosed the fact that appellee was a permanent teacher holding an indefinite contract which entitled her to a definite contract to teach in the schools of Turman School Township of Sullivan County, Indiana, during the school year of 1939-1940 unless her indefinite contract had been cancelled pursuant to the

statute; that there had been no legal statutory cancellation of her indefinite contract; that there was in said schools an available teaching position which she was duly licensed to fill; that appellant, on June 9, 1939, in answer to the demand made by appellee had stated that he would have no place at all for her and that he would not use her as a teacher in said schools. Since this court has held that a teacher's indefinite contract will not sustain an action for compensatory damages the appellee, on the refusal of appellant to give her a definite contract, was placed in a position where she would suffer irreparable injury if such definite contract were not given to her promptly. Where the rights of a party are clear and where action rather than inaction is essential to maintain the status quo of the parties and to avoid irreparable injury a court of equity may properly issue a temporary or preliminary mandatory injunction. 32 Corpus Juris 25, and cases there cited.

Where, as here, the facts properly before the court make a case for a final mandatory injunction there would seem to be no reason why a temporary injunction, similar in effect, might not issue to save the complainant from irreparable injury which might be sustained prior to a final hearing on the matter. *Central Trust Company* v. *Moran* (1894), 56 Minn. 188, 57 N. W. 471.

The appellant contends that he might on the final hearing have been able to show additional causes for discharging the appellee. Prior to his purported cancellation of the appellee's contract he was called upon, pursuant to the statute, to assign in writing his reasons for discharging the appellee. Again in the affidavit which he filed in answer to appellee's complaint he was afforded an opportunity to state any reasons which he thought might justify his action in

cancelling the appellee's contract. The court would have been justified in believing and in finding that if the appellant had had any other reasons he would have stated them when called upon to assign his reasons in writing and also in the affidavit filed in answer to the complaint. It was not an abuse of judicial discretion for the court to issue the temporary mandatory injunction and thereby, in effect, preclude the appellant from presenting on the final hearing additional reasons for discharging the appellee.

The appellant filed a motion to dismiss the petition for a temporary injunction for the reason, among others, that "the complaint on its face shows that the relief sought is against the School Township of Turman Township, Sullivan County, Indiana, and against this defendant as trustee for such township, and not against this defendant individually, and that therefore the plaintiff would not be entitled to any relief against this defendant." If it were true that a defect of parties was apparent on the face of the complaint, as contended by appellant, such defect should have been presented by a demurrer. § 2-1007 Burns' 1933, § 111 Baldwin's 1934. A defect of parties which is not apparent on the face of the complaint must be reached by a plea in abatement, but where the defect is apparent on the face of the pleading a demurrer is the proper method of reaching such a defect. If the question of a defect of parties is not raised by a demurrer or by a plea in abatement, the objection to such defect is deemed to have been waived, consequently, appellant has waived any question predicated on defect of parties. § 2-1011 Burns' 1933, § 115 Baldwin's 1934; *Danville Trust Co.* v. *Barnett* (1916), 184 Ind. 696, 698, 111 N. E. 429.

We are of the opinion, however, that William W. Watson, as trustee of the Turman School Township of Sullivan County, Indiana, was made a party defendant. While the caption of the complaint gave only the individual name of the defendant the body of the complaint clearly showed that the action was against him in his representative capacity, as trustee of said school township. The character in which any one is made a party to an action is determined from the allegations in the complaint and not by the caption. *Ditton* v. *Hart* (1911), 175 Ind. 181, 184, 93 N. E. 961; *Cline* v. *McWorter* (1935), 101 Ind. App. 178, 194 N. E. 775. The affidavit filed by the appellant in answer to the charges of the complaint and also the judgment of the court showed clearly that the appellant and the court both recognized the fact that the action was against the appellant in his representative capacity.

Finding no reversible error, the judgment is affirmed.