People of State of Illinois ex rel. Vera Ruff, Appellant, v. School Directors of District No. 106, County of Cook and State of Illinois, Appellee.

Gen. No. 44,454.

Opinion filed November 1, 1948. Released for publication November 16, 1948.

Rugen, Ligtenberg & Goebel, of Chicago, and Walter F. Briody, of Blue Island, for appellant.

Dale, Haffner & Grow, of Chicago, for appellee.

Mr. Presiding Justice Feinberg delivered the opinion of the court.

This appeal is by plaintiff from a judgment of the superior court of Cook county, dismissing the petition for writ of mandamus to compel defendant to restore plaintiff to the position of school teacher in School District No. 106.

It appears without dispute that plaintiff was employed by defendant as a school teacher on May 29, 1946, and accepted the employment and performed her duties for the period of the school year 1946–1947; that it was her first employment by defendant; that on April 22, 1947, she received notice that the defendant board had decided not to renew her contract for the succeeding year; that no reason was assigned in the notice for the termination of employment; that in September 1947, she presented herself at the school to which she had been assigned and offered to perform her duties as a teacher and principal, but that the board members refused her services. It is urged that such action of the board was in violation of sec. 24–1, ch. 122, Ill. Rev. Stat. 1947 [Jones Ill. Stats. Ann. 123.1124].

The controlling question presented upon this record is whether plaintiff was entitled to a notice stating the reasons for the refusal to re-employ her for the succeeding school year. The pertinent provisions of the statute, with which we are concerned in the proper determination of this question, are to be found in secs. 24–1 and 24–2. Section 24–1 provides:

"The service of all teachers, principals and superintendents in the public schools in any district having a board of directors shall be for *not more than three year*

*periods, after the expiration of a probationary period of two consecutive years in that district.* The time any teacher, principal or superintendent taught in the district in which he was employed at the time the Act of which this Article is a continuation went into effect shall be counted .in determining such probationary period.

. . . . . .

The board of directors on or before April 25 of each year in which any *regular employment contract* expires shall in writing notify each teacher, principal and superintendent employed by it whether he will or will not be re-employed, whether for periods of service authorized under this section, or for annual periods of employment.

If any teacher, principal or superintendent is not to be re-employed, reasons therefor shall be given in writing by the board of directors.'' (Italics ours.)

The section further provides:

''If the board fails so to give notice of its determination not to re-employ, the employees shall be deemed re-elected on the same terms as for the then closing year or period of service, as the case may be, and not later than the close of the then current school term the board shall issue a regular contract to the employee as though the board had re-elected him in the usual manner.''

The particular provision of this section, upon which plaintiff relies, is the paragraph requiring reasons to be given in writing by the board of directors if any teacher is not to be re-employed. The entire section must be read together and not merely the single paragraph referred to. The provision relied upon must be considered in connection with and not separated from the provision preceding it, which reads:

''The board of directors on or before April 25 of each year in which any *regular employment contract* expires

shall in writing notify each teacher,'' etc. (Italics ours.)

It will be noted that the latter provision quoted refers to regular employment contract, and we are convinced that it must be distinguished from the type of employment involved during the probationary period. We believe the intention of the legislature was to regard the employment contract regular, only after the teacher had satisfied the probationary period provided for in sec. 24–1, and that after the probationary period a teacher could be regularly employed for no more than three-year periods.

We believe this intention is further evidenced by the language of sec. 24–2, relating to schools governed by a Board of Education, which reads:

''Any teacher who has been employed in any district as a full-time teacher for a probationary period of two consecutive years shall enter upon contractual continued service unless given written notice of dismissal stating the specific reason therefor, . . . .''

We there see provision for the probationary period ending and the contractual continued service beginning. We also find in several other provisions of that section the language ''contractual continued service.'' It is evident to us, reading this act relating to the powers of the directors of a school district, that a freer hand was intended to be given them in the selection of teachers and termination of their employment, before their status became fixed after service of the probationary period of two years.

In *McSherry v. City of St. Paul* [202 Minn. 102], 277 N. W. 541, the court dealt with a statute fixing school teachers' tenure of office and providing for probationary service, which permitted the discharge of a teacher upon notice and reasons, but after probationary period the teacher could not be discharged except for specific causes set forth in the act. In discussing the theory

of probationary and regular employment, the court said at p. 544:

"It was enacted for the *benefit and advantage of the school system* by providing such machinery as would tend to minimize the part that malice, political or partisan trends, or caprice might play. It established *merit* as the essential basis for the *right* of permanent employment. On the other hand, it is equally clear that the act does not impair *discretionary* power of school authorities to make the best selections consonant with the public good; . . . The provision for a probationary period is intended for that very purpose."

The theory of probationary employment as distinguished from regular is emphasized in *Fish v. McGann,* 205 Ill. 179, involving the discharge of a probationary employee under the Civil Service Act. In that case the employee insisted that he was entitled, under sec. 12, ch. 24½ [Jones Ill. Stats. Ann. 23.014], to written charges, a trial upon such charges, and a finding of guilty, before he could be discharged. Section 10 [Jones Ill. Stats. Ann. 23.012] of the same act provided, among other things, that before the expiration of the period of probation, the head of the department or office in which a candidate is employed may, by and with the consent of said commission, discharge him. The court there said:

"By the terms of sections 12 and 10, . . . two cases of discharge are provided for. One applies to persons in the classified civil service, and the other applies to persons, whose appointment is on probation, or persons known as 'probationers.' . . . The appointee . . . is not 'in' the classified service until the probation period has expired."

We regard the judgment of the superior court correct, and it is affirmed.

*Affirmed.*

TUOHY and NIEMEYER, JJ., concur.