82 So.2d 197

## PICKENS COUNTY BOARD OF EDUCATION

v.

### Iva Conner KEASLER.

6 Div. 630.

Supreme Court of Alabama.

Aug. 18, 1955.

---

1. Ante, p. 141.

W. A. Davis, Aliceville, and John H. Curry, Carrollton, for appellant.

LeMaistre, Clement & Gewin and Perry Hubbard, Tuscaloosa, for appellee.

GOODWYN, Justice.

This proceeding relates to the Teachers' Tenure of Employment Law, Code 1940, Tit. 52, Chap. 13, § 351 et seq., as amended.

Appellee, Iva Conner Keasler, a teacher on continuing service status in the public school system of Pickens County, Alabama, made written request to the County Board of Education for a hearing on the Board's proposed cancellation of her employment contract; this pursuant to § 357, Tit. 52, supra. On conclusion of the hearing the Board cancelled her contract. Thereupon, appellee filed in the Circuit Court of Pickens County a petition for mandamus to review the Board's action. Sec. 358, Tit. 52, as amended by Act No. 410, appvd. July 7, 1945, Gen.Acts 1945, p. 646 [now § 360]. The alternative writ was issued and the Board made answer thereto. A hearing was then had on the petition, the evidence being taken orally before the trial court. After the hearing the trial court granted a peremptory writ of mandamus to be directed to the Board of Education ordering and directing it to return appellee to an active full-time teaching status. This appeal is prosecuted by the Board from that judgment. Code 1940, Tit. 7, § 761.

The grounds for cancellation of an employment contract with a teacher on continuing service status "may be made for incompetency, insubordination, neglect of duty, immorality, *justifiable decrease in the number of teaching positions, or other good and just cause;* but cancellation may not be made for political or personal reasons." Code 1940, Tit. 52, § 356 (§ 356 is carried as § 358 in the 1953 Act amending Chapter 13, Title 52, Code 1940, Act No. 773, appvd. Sept. 16, 1953, Gen.Acts 1953, pp. 1040, 1042. The 1953 amendments, however, have no application to this case). The grounds relied on by the Board of Education are that there was a "justifiable decrease in the number of teaching positions" and also "other good and just cause" said to consist of refusal of the trustees of the several schools in the county to accept the assignment of appellee to their schools. See § 140, Tit. 52, Code 1940.

It appears from the evidence that appellee holds a class 5 certificate and that at the time of the cancellation of her contract the Board of Education retained the services of four teachers qualified to teach in the same grades as appellee who had not obtained continuing service status.

As we view the case the determinative question for decision is whether the contract of a teacher who has obtained continuing service status may be cancelled

because of a justifiable decrease in the number of teaching positions when there is retained by the Board of Education a teacher who is qualified to teach in the same position, but who has not obtained continuing service status.

■ The position taken by the appellant Board is that the teachers retained, though not having continuing service status, hold certificates of a higher grade than appellee; that the cancellation of appellee's contract was in line with the Board's established policy of increasing the level of qualifications of the teachers in the school system; and that, unless the Board has such authority, it cannot meet its responsibility of training the youth of the county. On the other hand appellee's position is that the Tenure of Employment Law was adopted for the purpose of giving to the teacher stability of employment; that so long as appellee was qualified to perform the teaching service, the Tenure Law gives to her priority over those who have not obtained continuing service status. Cited in support of her position is the Indiana case of Watson v. Burnett, 216 Ind. 216, 23 N.E.2d 420, 423. That court, in discussing a provision (Ind.Acts 1927, pp. 259, 260) identical to that contained in § 356, Tit. 52, supra, had this to say:

"When the appellant was called upon, pursuant to the statute, to state his reasons in writing for the proposed cancellation of appellee's contract he assigned only two reasons: (1) justifiable decrease in the number of teachers, and (2) the fact that appellee held only a primary teacher's license which would permit her to teach only in the first four grades. It is not denied by appellant, however, that non-tenure teachers are being hired by appellant to teach in grades for which the appellee is licensed. The first reason assigned by appellant is one of the reasons recognized by the 1927 statute as justifying the cancellation of the contract of a permanent tenure teacher. This case, however, presents the question of whether a justifiable decrease in teachers authorizes the retention by the trustee of a teacher who has not acquired a permanent tenure status and the cancellation of the contract of a teacher who has acquired such status and who is qualified to teach in the position for which the non-tenure teacher is retained? It is our opinion that this question must be answered in the negative. To hold otherwise would be contrary to the entire spirit and purpose of the Act. The principal purpose of the Act was to secure permanency in the teaching force. If a justifiable decrease in the number of teaching positions should be held to give to the trustee the power to choose between tenure and non-tenure teachers, both of whom are licensed to teach in the teaching position which remains, he is thereby given the power to nullify the Teachers' Tenure Act, and to discharge without cause a teacher who has, by reason of having served satisfactorily as a teacher during the specified period, secured a tenure status and an indefinite permanent contract. To countenance such an interpretation of the law would be to permit the trustee to do indirectly that which the law expressly forbids him to do directly. Barnes v. Mendenhall, 1932, 98 Ind. App. 229, 242, 183 N.E. 556."

From Seidel v. Board of Education of Ventnor City, 110 N.J.L. 31, 164 A. 901, 902, affirmed 111 N.J.L. 240, 168 A. 297, is the following:

" * * * Granting that apart from the statute, a school board may in the interest of economy reduce the number of teachers, the protection afforded by the statute would be little more than a gesture if such board were held entitled to make that reduction by selecting for discharge teachers exempt by law therefrom, and retaining the nonexempt. If such reduction is to be made at all, and a place remains which the exempt teacher is qualified to fill, such teacher is entitled to that place as against the retention of a teacher not protected by the statute."

234

See, also, 47 Am.Jur., Schools, § 139, pp. 397–398, where it is said:

"* * * Even though by statute a justifiable decrease in the number of teaching positions is recognized as ground for the cancelation of a permanent tenure contract, the retention of a probationary teacher and the dismissal of a permanent employee qualified to teach in the position of the non-tenure teacher is not authorized by such a statutory provision." For annotation, see 110 A.L.R. 804–807.

The second ground for cancellation relied on by appellant is without merit. We see no necessity of deciding whether refusal by school trustees as provided for in § 140, Tit. 52, supra, would constitute "other good and just cause" under § 356, Tit. 52, supra, inasmuch as the requirements of § 140 are not shown to have been complied with.

From what we have said it follows that the judgment of the trial court awarding the peremptory writ of mandamus is due to be affirmed. It is so ordered.

Affirmed.

LAWSON, STAKELY, MERRILL and MAYFIELD, JJ., concur.