10 Ill.2d 560 (1957)
141 N.E.2d 5
HOMER HANKENSON et al., Appellees,
v.
BOARD OF EDUCATION OF WAUKEGAN TOWNSHIP HIGH SCHOOL DISTRICT NO. 119, LAKE COUNTY, ILLINOIS, Appellant.
No. 34150.
Supreme Court of Illinois.
Opinion filed March 20, 1957.
*561 DIVER, DIVER & RIDGE, of Waukegan, (CLARENCE W. DIVER, of counsel,) for appellant.
RUGEN, LIGTENBERG & GOEBEL, of Chicago, (JOHN LIGTENBERG, of counsel,) for appellees.
Reversed and remanded.
Mr. JUSTICE DAILY delivered the opinion of the court:
On April 20, 1954, a complaint for administrative review was filed in the circuit court of Lake County by the plaintiffs, Homer Hankenson and Avis Youngberg, against the Board of Education of Waukegan Township High School District No. 119, Lake County, seeking reversal of the Board's decision to terminate their employment as teachers of the district. As grounds for relief, plaintiffs urged (1) that they were denied the right of hearing granted under the Teacher Tenure Law (Ill. Rev. Stat. 1953, chap. 122, art. 24), and (2) that they were entitled to continued employment in preference over other teachers who had not entered upon contractual continued service. However, upon defendant's motion all allegations in support *562 of the latter point were stricken from the complaint as immaterial and surplusage. After the filing of defendant's answer to the remaining allegations, the lower court found for the defendant and entered judgment accordingly. Upon appeal from both the judgment itself and the order striking portions of the complaint, the Appellate Court for the Second District, in reversing and remanding the cause to the circuit court, held that the plaintiffs were wrongfully denied the right of administrative hearing but found it unnecessary to pass upon the plaintiffs' second contention. Leave to appeal has now been granted by this court.
The plaintiffs, being duly certified high school instructors, had served their two year probationary period in the Waukegan school prior to the year in which the dismissals occurred and were qualified to teach many of the academic subjects which were there offered. Sometime before the spring of 1954 a certain area known as the "North Chicago territory" was detached from the defendant's district, and as a result thereof it was anticipated that the Waukegan high school enrollment for the 1954-55 term would be about 581 students less than for the previous year. With this in mind the Board's education committee tendered a written report to the defendant dated February 1, 1954, in which it recommended "that the decision of the Board of Education to decrease the number of teachers employed by the Board for the school year 1954-55" be given eleven teachers, including the plaintiffs, and "that written notice be given these teachers by registered mail together with a statement of honorable dismissal and the reason therefor, namely the separation of North Chicago territory from Waukegan Township High School District No. 119." The report also contained the additional recommendation that four probationary teachers be given full tenure status and new contracts of employment.
At a regularly constituted meeting of the defendant Board, which was thereafter held on March 15, 1954, the *563 following resolution was adopted: "Upon the recommendation of the Education Committee, it was moved by Mrs. Hathorne, seconded by Mrs. Smith, that the following teachers be informed by registered mail and given statement of honorable discharge and the reason therefor, namely, the separation of North Chicago territory from Waukegan Township High School District No. 119." The teachers referred to were the same that had been listed in the committee report and included the names of the plaintiffs.
In compliance with this resolution the following notice was sent to each of the eleven instructors on March 16, 1954: "This letter will confirm our recent conversation concerning the decision of the Board of Education to decrease the number of teachers employed by the Board for the school year 1954-55 because the separation of North Chicago territory from Waukegan Township High School District No. 119 will diminish our enrollment by about 581 students. Accordingly, your employment by the Board of Education of this high school district will terminate with the end of the present school year. Please consider this an honorable dismissal due solely to the above mentioned facts and feel free to call upon me for any assistance I may be able to render in the matter of your securing other employment." Formal requests for hearing upon said dismissals were made by each of the plaintiffs on March 25, 1954, but were never acted upon by the Board.
The Teacher Tenure Law was enacted for the purpose of improving the educational facilities of this State by assuring teachers who have completed their probationary periods and have entered upon contractual continued service that their employment depends upon merit and not upon the personal whims of individual citizens. (Donahoo v. Board of Education, 413 Ill. 422.) The legislature recognized, however, that in certain instances there may be causes for dismissal which do not relate in any way to the ability of the teacher himself but rather to the economic *564 changes of the community, and for that reason provided in section 24-3 (Ill. Rev. Stat. 1953, chap. 122, par. 24-3) that: "Notwithstanding the entry upon contractual continued service, any teacher may be removed or dismissed * * * in the manner hereinafter provided. If the removal or dismissal results from the decision of the board to decrease the number of teachers employed by the board or to discontinue some particular type of teaching service, written notice shall be given the teacher by registered mail at least sixty days before the end of the school term, together with a statement of honorable dismissal and the reason therefor, but if the position so discontinued is reinstated within a period of one calendar year it must be tendered to the teacher dismissed because of such discontinuance." In those enumerated instances no administrative hearing is required.
Here there is no question but what the school suffered substantial decreases in enrollment because of detachment proceedings and that proper notice of dismissal was sent to each of the discharged instructors. Rather, the whole problem is centered upon whether the dismissal resulted "from the decision of the board" to so act. The plaintiffs contend, and the Appellate Court so held, that the Board resolution conclusively shows that the dismissal action was taken not to decrease the number of teachers but because of the separation of the North Chicago territory. Thus they argue, it fell without the enumerated exceptions to the general rule and required the granting of an administrative hearing.
Such a position is untenable. It is true that according to the Board minutes the resolution ordering dismissal did not specifically include the words "to decrease the number of teachers." Although the official minutes of such quasi-municipalities are entitled to great weight, they are not conclusive and must be considered with other portions of the record in order to determine the true facts and happenings. *565 (Phenicie v. Board of Education, 326 Ill. 73; People ex rel. James v. Chicago and Eastern Illinois Railroad Co. 313 Ill. 361; Board of Education of Glencoe v. Trustees of Schools, 174 Ill. 510.) In the present case both the committee report and the teachers' notice expressly stated that a decision had been made by the Board to decrease the number of instructors. The school principal who signed and sent the notices of dismissal was in attendance at the Board meeting and most certainly knew what then transpired. The statute itself does not specify any particular form of board resolution or require the words of the statute to be repeated therein, but merely says that such a decision shall be rendered and the teacher notified of the reason therefor.
Clearly the dismissals herein were based upon the Board's decision to decrease the number of teachers because of reduced enrollment. The matter was first considered by the education committee, report was then made to the Board as a whole, the resolution was adopted upon these recommendations, and notice of the Board's decision was transmitted as required by law. The fact that the resolution could have been more explicit will not vitiate its effectiveness. It is our opinion that the circuit court of Lake County was correct in holding that the defendant had complied with the statutory provisions of section 24-3 of the Teacher Tenure Law (Ill. Rev. Stat. 1953, chap. 122, par. 24-3) and that the Appellate Court for the Second District erred in reversing that judgment upon these grounds.
Yet, by so deciding, we are not upholding the circuit court's refusal to consider the plaintiffs' demand for preference over nontenure teachers, especially in view of the fact that the legislature has since declared the public policy of this State to be to the contrary (Ill. Rev. Stat. 1955, chap. 122, par. 24-3); and the courts of our sister States which have considered the problem are almost unanimous in support of the plaintiffs' position. (Gassen v. St. Charles Parish *566 School Board, 199 La. 954, 7 So.2d 217; Pickens County Board of Education v. Keasler, 263 Ala. 231, 82 So.2d 197; Seidel v. Board of Education of Ventnor City, 110 N.J.L. 31, 164 Atl. 901; Swisher v. Darden, 59 N.M. 511, 287 P.2d 73; Watson v. Burnett, 216 Ind. 216, 23 N.E.2d 420). However, since this second contention was never passed upon by the Appellate Court, it is not now subject to our review. (Christopher v. West, 409 Ill. 131; Alexander Lumber Co. v. Coberg, 356 Ill. 49; Berry v. Turner, 279 Ill. 338.) For this reason the cause must be remanded to the Appellate Court for that determination and to enter such orders as may be consistent with this decision.
Reversed and remanded, with directions.