Homer Hankenson and Avis Youngberg, Plaintiffs-Appellants, v. Board of Education of Waukegan Township High School District No. 119, Lake County, Illinois, Defendant-Appellee.

Gen. No. 10,877.

Second District, Second Division.

November 29, 1957.

Released for publication December 17, 1957.

Rugan, Lightenberg & Goebel, of Chicago, for appellant.

Diver, Diver & Ridge, of Waukegan, for appellee.

JUSTICE SOLFISBURG delivered the opinion of the court.

The plaintiffs, Homer Hankenson and Avis Youngberg, filed their complaint for administrative review in the Circuit Court of Lake county against the Board of Education of Waukegan Township High School District No. 119, Lake County, seeking reversal of the Board's decision to terminate their employment as teachers of the district. Plaintiffs-appellants urged two grounds for relief; first, that they were denied the right of hearing under that article of the School Code commonly known as the Teacher Tenure Law (Ill.

Rev. Stats., 1953, ch. 122, art. 24) and, secondly, that they were entitled to continued employment in preference over other teachers who had not entered upon "contractual continued service," as defined in the Teacher Tenure Law (Ill. Rev. Stats., 1953, ch. 122, sec. 24—2). The defendant school district moved to strike all allegations in the complaint in support of the second ground for relief as immaterial and surplusage, and the trial judge granted said motion. Defendant thereupon answered the remaining allegations of the complaint and moved for a judgment in its favor, which the trial judge entered. Plaintiffs appealed to this court from both the judgment and the order striking portions of their complaint. This court reversed and remanded the cause to the Circuit Court. Our decision, reported in 10 Ill.App.2d 79, held that plaintiffs' dismissals had not resulted from a "decision of the board" within the meaning of Section 24—3 of the Teacher Tenure Law and that, accordingly, plaintiffs had been entitled to an administrative hearing, which they were wrongfully denied. We found it unnecessary to pass upon plaintiffs' second contention, namely, that plaintiffs as "tenure" teachers were entitled to continued employment over "nontenure" teachers. From the decision of this court the school district sought and was granted leave to appeal by the Supreme Court. Upon reviewing our decision, the Supreme Court held that the dismissals of these plaintiffs resulted from a "decision of the board" within the meaning of Section 24—3, Hankenson v. Board of Education, 10 Ill.2d 560, and, accordingly, that they were entitled to no administrative hearing and therefore had not been wronged in that regard. However, that conclusion did not dispose of the case. Since this court had never passed upon plaintiffs' second contention, the Supreme Court reversed and remanded the cause to this court with directions to pass upon that

point. Therefore, the sole issue before us is whether the trial court erred by refusing to consider the plaintiffs' demand for preference over "nontenure" teachers.

The parties in their briefs state the issue now before us as follows: Whether a board of education which decides to decrease the number of teachers may retain nontenure teachers and dismiss tenure teachers who are qualified to do the work for which the nontenure teachers are retained.

The facts are related in some detail in our former opinion reported in 10 Ill.App.2d 79, as well as in the opinion of the Supreme Court reported in 10 Ill.2d 586. The question on appeal before us arises from an order granting a motion to strike certain allegations in the plaintiffs' complaint. This makes a recital of the facts unnecessary, since our concern is with the stricken allegations in the complaint.

This complaint was filed pursuant to the Administrative Review Act (Ill. Rev. Stats., 1953, ch. 110, sec. 264 et seq.). In Winston v. Zoning Board of Appeals, 407 Ill. 588, 591, 594, it was held that the Administrative Review Act permits the use of motions to dismiss or motions to strike, and that such a motion to dismiss or strike admits the truth of well-pleaded allegations of fact though not of conclusions of the pleader. That being true, the well-pleaded allegations in Paragraphs 12 and 15 of the complaint which were stricken must be taken as true for present purposes. The defendant's argument that the issue raised in those paragraphs is academic because there is nothing in the record to support these allegations loses sight of this principle of pleading.

The stricken Paragraphs 12 and 15 of the complaint, together with other allegations not stricken, allege in substance, first, that plaintiffs are tenure teachers; secondly, that plaintiffs were dismissed as tenure teachers; thirdly, that at the time of their dismissal, the

443

school district retained in its employ certain nontenure teachers; fourthly, that plaintiffs are qualified for the available positions for which nontenure teachers were retained; lastly, that under such circumstances, the plaintiffs are entitled to employment in preference to the nontenure teachers. We conclude that the issue has been sufficiently raised in the pleadings.

■ In 1941 the General Assembly enacted Article 24 of the School Code, generally known as the Teacher Tenure Law, for the purpose of protecting Illinois teachers who previously served at the pleasure of boards of education or boards of directors, subject only to whatever contractual rights they could secure. Its object was to improve the Illinois school system by assuring teachers of experience and ability a continuous service and a rehiring based upon merit rather than insecurity of employment based upon reasons that are political, partisan, or capricious. (Donahoo v. Board of Education, 413 Ill. 422, 425; Betebenner v. Board of Education, 336 Ill. App. 448, 455.)

The heart of the statute may be said to be found in Section 24—2 which establishes two classifications of teachers: Probationary or nontenure teachers and teachers on contractual continued service (i. e., tenure teachers who have qualified for the full benefits of the statute). Although the act affords special protection to both nontenure and tenure teachers, consistent with its objective of promoting a better school system, the statute throughout makes a distinction between the probationer and the teacher who has gained "contractual continued service." The Supreme Court noted one aspect of the distinction in Donahoo v. Board of Education, 413 Ill. 422, 426:

". . . The legislature recognized the difference between dismissing the probationer, and the teacher who had gained contractual continued service, by providing the more elaborate and strict method of dismissal of the latter, . . . ."

Other decisions have recognized this distinction in the statute, e. g. McNely Exrx. v. Board of Education, 9 Ill.2d 143; People ex rel. Ruff v. School Directors, 335 Ill. App. 445.

The teacher who has successfully completed the probationary teaching period—normally two years—becomes a contractual continued service teacher and attains the highest classification and protection of the Teacher Tenure Law (Ill. Rev. Stats., 1953, ch. 122, secs. 24—2, 24—3). This status is retained unless or until terminated in one of the following ways: (1) termination for cause under Section 6—36 or Section 7—16, School Code, (2) attainment of age sixty-five (Sec. 24—2, par. 3, School Code), (3) the teacher's voluntary change of school systems (Sec. 24—2, par. 2, School Code), or (4) removal or dismissal resulting from a decision to decrease the number of teachers or discontinue some particular type of teaching service (Sec. 24—3, School Code).

The tenure teacher is protected against arbitrary reductions in salary as well as arbitrary dismissals or removals (Sec. 24—2, par. 4, School Code, Ill. Rev. Stats. 1953, ch. 122, sec. 24—2). In short the tenure statute is geared primarily to protect the teacher who has entered upon contractual continued service. Plainly, it was the intent of the legislature to grant to teachers whose ability and efficiency have been proved a position more secure than that of their co-workers who have not demonstrated similar capabilities for the full probationary period.

In view of the history and purpose of the Teacher Tenure Law, plaintiffs argue, with much force, that it is unthinkable that a school board may retain the services of nontenure teachers and dismiss tenure teachers who are qualified to teach the subjects for which the nontenure teachers are employed. Plaintiffs maintain that to hold otherwise would be contrary to the entire spirit of the act, the principal purpose of

which is to secure permanency in the teaching force. Moreover, if a justifiable decrease in teachers should be held to give the board of education the power to choose between tenure and nontenure teachers, both of whom are qualified, the school board is thereby given the power to circumvent and nullify the tenure statute and to discharge without cause a teacher who has secured tenure status. Such an interpretation of the statute would permit the school board to do indirectly that which the statute expressly forbids it to do directly.

 The school district's argument appears to revolve around two propositions: The first, that the Teacher Tenure Law casts a new liability upon school boards and courts in Illinois have held it "therefore should be construed strictly in favor of the Board" (Anderson v. Board of Education, 390 Ill. 412; Lingle v. Slifer, 8 Ill.App.2d 489), and the second, that the applicable statute does not in words expressly cover the issue at bar. From these two propositions, both of which are true, the district argues that this court must reach a conclusion in favor of the school board. Such reasoning seems to us to violate all the accepted canons of construction and to reach a result diametrically opposed to the plain purpose of the statute. To accede to the defendant's argument would in effect emasculate the Tenure Act. In our view plaintiffs' arguments are irrefutable, and we conclude that when a board of education decides upon a justifiable decrease in its teaching staff, it may not retain nontenure teachers and dismiss tenure teachers who are qualified to do the work for which the nontenure teachers are retained.

██ In 1955 the General Assembly amended Section 24—3 of the Teacher Tenure Act by inserting the following clause with reference to school board decisions to decrease the number of teachers employed:

446

". . . and in all such cases the board shall first remove or dismiss all teachers who have not entered upon contractual continued service before such board shall remove or dismiss any teacher who has entered upon contractual continued service and who is legally qualified to hold a position currently held by a teacher who has not entered upon contractual continued service; . . . ."

The legislature has thus subsequently declared the public policy of this State to be that in cases such as this qualified tenure teachers are to be preferred over qualified nontenure teachers. Courts commonly go to subsequent amendments as an aid in arriving at the correct meaning of a prior statute (Hankenson v. Board of Education, 10 Ill.2d 560, 565, 50 Am. Jur., Statutes, sec. 337) and we find in this subsequent amendment to Section 24—3 confirmation of the conclusion we have reached.

No reviewing court in Illinois has previously passed upon the precise issue before us. However, our attention has been invited to several decisions by courts in other jurisdictions which have considered this same problem. We have examined these opinions with care and find that almost unanimously they reach the conclusion at which we have arrived. In some cases the particular teacher tenure statute involved contains language different from that found in the Illinois Teacher Tenure Law, but in substance and certainly in purpose the enactments of our sister states are the same as our own. These decisions from other jurisdictions rest upon the same grounds advanced by plaintiffs in their argument here, and since it would unnecessarily extend this opinion to discuss these decisions, we merely cite them, Pickens County Board of Education v. Keasler, 263 Ala. 231, 82 So.2d 197; Seidel v. Board of Education of Ventnor City, 110 N. J. L. 31, 164 Atl. 901, affirmed 111 N. J. L. 240, 168 Atl.

297; Swisher v. Darden, 59 N. M. 511, 287 P.2d 73; Watson v. Burnett, 216 Ind. 216, 23 N.E.2d 420; Gassen v. St. Charles Parish School Board, 199 La. 954, 7 So.2d 217. For annotations, see 110 A. L. R. 801–807; 127 A. L. R. 1320–1322; 47 Am. Jur., Schools, Sec. 139, pp. 397–398.

For the foregoing reasons, we must reverse the order of the Circuit Court of Lake county striking Paragraph 12 and part of Paragraph 15 of plaintiffs' complaint and remand the cause to that court for further proceedings consistent with this opinion.

Reversed and remanded with directions.

CROW, P. J. and WRIGHT, J., concur.