Fred J. Herzig *v.* Board of Education of the Town of West Hartford et al.

Mary E. O'Connor et al. *v.* Board of Education of the City of New Haven et al.

King, C. J., Murphy, Alcorn, Comley and Shannon, Js.

Argued October 9—decided November 10, 1964

*Frederick U. Conard, Jr.*, with whom was *Charles B. Milliken*, for the appellants (defendants) in the first case, and *Milton P. DeVane*, with whom was *Richard K. Snyder*, for the defendants in the second case.

*Joseph F. Skelley, Jr.*, with whom, on the brief, was *Harry Tulin*, for the appellee (plaintiff) in the first case, and *William L. Hadden*, with whom, on the brief, was *William L. Hadden, Jr.*, for the plaintiffs in the second case.

*J. Read Murphy* filed a brief as amicus curiae in the first case but did not argue the cause.

ALCORN, J. These two cases were argued together and are considered together because of the identical nature of the issue involved in each case. The question is whether a local board of education may require a teacher in the public schools to retire for the sole reason that he has reached a retirement age established by the local board of education which is less than the retirement age of seventy years fixed by § 10-166 of the General Statutes. In the Herzig case, the West Hartford board of education had determined upon a retirement age of sixty-five for the teachers

employed by it. In the O'Connor case, the New Haven board of education had set a retirement age of sixty-eight for the teachers which it employed. In both cases the plaintiffs sought to have the defendant boards restrained from retiring them or interfering in the performance of their duties as teachers; and they further sought the renewal of their contracts. The action of the boards in requiring the involuntary retirements was claimed to be illegal.

Each case was presented on a stipulation of facts. The O'Connor case was reserved by the trial court for the advice of this court. The Herzig case was decided by the trial court, and judgment was rendered for the plaintiff from which the defendants have appealed. A finding was made by the trial court in the Herzig case. In view of the stipulation of facts this finding was unnecessary. *Sheldon House Club, Inc.* v. *Branford,* 149 Conn. 28, 30, 175 A.2d 186; *Gilman* v. *Joseloff,* 135 Conn. 595, 596, 67 A.2d 551.

The stipulated facts in the Herzig case are as follows. The plaintiff, Fred J. Herzig, is and has been a teacher in the West Hartford public school system since 1927 and since 1956 has been rated as a "career" or "merit" teacher. The defendants are the superintendent of schools and the members of the board of education of West Hartford. The West Hartford board of education is an agency of the state, created by state law. The board had adopted a regulation for the public schools of the town stating that "all administrative, supervisory and teaching personnel shall be retired at the end of the school year in which they reach the age of 65". Sixty-five is a reasonable retirement age if the court finds that the defendant board has the

power to make the quoted rule. The plaintiff did not apply for retirement, but, nevertheless, on February 26, 1963, the superintendent of schools wrote him a letter stating, in substance, that, since he had reached his sixty-fifth birthday during the current school year, his contract would not be renewed beyond June 20, 1963, in accordance with the regulation already quoted. The letter concluded with the statement: "As you know, this in no way reflects upon the quality of work you have rendered. I am sure that I speak for the Town as well as hundreds of boys and girls when I express my appreciation to you for these many years of fine teaching". The attempted retirement of the plaintiff was not for any cause specified in subdivisions (1) through (5) of subsection (b) of § 10-151 of the General Statutes.

There are four plaintiffs in the O'Connor case. The stipulated facts in that case are as follows. The plaintiffs are teachers in the New Haven public school system—Mary E. O'Connor since September, 1919; Veronica Boland since September, 1915; Helen McKenna since September, 1917; and Alice Minnix since September, 1922. The defendants are the individual members of the New Haven board of education, the mayor of the city, who is an ex officio member of the board, and the superintendent of the New Haven public schools. The New Haven board of education has adopted a policy of retiring teachers upon their reaching the age of sixty-eight years. In accordance with that policy the board notified the plaintiffs that, solely because of their having reached the age of sixty-eight during the current school year, their teaching contracts for the school year commencing September, 1964, would not be renewed. The plaintiffs have not applied for retirement, and they wish to continue teaching in

the school system. Their removal is not for any cause specified in subdivisions (1) through (5) of § 10-151 (b) of the General Statutes, and no charges of any character have been filed against them.

The West Hartford charter confers on that town's board of education the duties and powers which are imposed or vested by the General Statutes on town boards of education in general. 28 Spec. Laws 727, c. 3, § 1. The New Haven board of education likewise has only the powers expressly or impliedly granted by the General Statutes. The sections of the statutes principally involved are 10-220, 10-221, 10-151 and 10-166. Section 10-220, so far as material, provides that boards of education "shall maintain in their several towns good public elementary and secondary schools . . . ; shall have charge of the schools in their respective towns; . . . shall employ and dismiss the teachers of the schools of such towns subject to the provisions of sections 10-151 and 10-158; . . . and shall perform all acts required of them by the town or necessary to carry into effect the powers and duties imposed upon them by law". Section 10-221, so far as material, provides that "[b]oards of education shall prescribe rules for the management, studies, classification and discipline of the public schools". Section 10-158, which is referred to in § 10-220, was repealed by Public Acts 1961, No. 544, § 2, and § 10-158a, which supplants it, does not bear on the present issue. The pertinent part of subsection (b) of § 10-151 provides that "[b]eginning with and subsequent to the fourth year of continuous employment of a teacher by a board of education, the contract of employment of a teacher shall be renewed from year to year, except that it may be terminated at any time for one or more of the following rea-

sons: (1) Inefficiency or incompetence; (2) insubordination against reasonable rules of the board of education; (3) moral misconduct; (4) disability, as shown by competent medical evidence; (5) elimination of the position to which the teacher was appointed, if no other position exists to which he may be appointed if qualified; or (6) other due and sufficient cause". Section 10-166 provides that members of the teachers' retirement association, which these plaintiffs are conceded to be, may retire at the age of sixty or after thirty-five years of teaching, other specified qualifications being met, and that "[a]ny member of the retirement association on attaining the age of seventy years shall be retired from service in the public schools; provided, if the employing board of education so requests in writing, the retirement board may permit the employment of such member beyond the age of seventy years and, on the retirement of such member, he shall receive from the state the retirement allowance to which he would have been entitled at the age of seventy".

The substance of the defendants' argument is that under the powers granted to boards of education by §§ 10-220 and 10-221 to maintain and have charge of schools and to employ and dismiss teachers, there is an express or implied power in the local board to fix a reasonable compulsory retirement age for its own teachers; that § 10-166 contains no restriction against a local board's requiring retirement at an earlier age than age seventy, as fixed in the statute; and that § 10-151 (b) is a tenure act inapplicable to retirement and designed only to guard against the arbitrary discharge of a competent teacher. The defendants then assert somewhat inconsistently that, while

§ 10-151 does, to a degree, curtail the power of local boards of education by defining the reasons for which a teacher's contract may be terminated, it, nevertheless, confers authority to establish a local compulsory retirement age under subdivision (6) of subsection (b), which permits the termination of a teacher's contract for "other due and sufficient cause". Quite aside from the inconsistency in the force and effect attributed to § 10-151, this last claim of the defendants fails to recognize that there is a difference between "discharge" and "retirement". *Wilson* v. *West Haven,* 142 Conn. 646, 657, 116 A.2d 420. The language of § 10-151 (b) is clearly concerned with defining the grounds for the discharge of a teacher.

All parties concede, as indeed they must, that local boards of education are agencies of the state in charge of education in the town and that they possess only such powers as are granted to them by the General Statutes expressly or by necessary implication. *Fowler* v. *Enfield,* 138 Conn. 521, 530, 86 A.2d 662; *Waterford* v. *Connecticut State Board of Education,* 148 Conn. 238, 245, 169 A.2d 891. Section 10-151 is a part of chapter 166 of the General Statutes, which governs the qualifications and employment of teachers in the public schools. Section 10-166 is a part of chapter 167 of the General Statutes, which deals exclusively with a retirement system for public school teachers. Sections 10-220 and 10-221 form a part of chapter 170 of the General Statutes, which defines the powers and duties of local boards of education.

While local boards of education are granted broad powers by the state; *Fowler* v. *Enfield,* supra; those powers are far from unlimited. Extensive supervisory control over the local board is con-

ferred on the state board of education; § 10-4; courses of instruction and rules for furnishing them are explicitly defined; §§ 10-15—10-24; the qualifications of teachers who may be employed by the local board are specified; §§ 10-145, 10-146; and regulations for the employment of teachers, against discrimination on account of sex or marital status and other restrictions on the powers of the local board are imposed. §§ 10-151—10-156.

The school laws enacted by the General Assembly demonstrate the adoption of a public policy to provide good public schools, staffed by qualified teachers; that these teachers, having proved their worth, shall be secure in their employment, save for circumstances affecting the quality of their work; and that, as an inducement to, and reward for, a long period of service, qualified teachers shall benefit from a comprehensive retirement system.

Retirement benefits are provided for under § 10-166, which, because of its length, we neither quote nor summarize. Under the plan which the state has adopted a teacher may voluntarily retire at the age of sixty but is not required to retire until the age of seventy, and, in the interim, retirement benefits increase as the period of service increases. An attempt by a local board of education to set a retirement age less than the age established by statute represents an effort to alter, by local regulation, an integral part of the coordinated plan adopted by the state for its public school system. This power does not reside in the local board. *Ingham* v. *Brooks,* 95 Conn. 317, 329, 111 A. 209; *Loglisci* v. *Liquor Control Commission,* 123 Conn. 31, 37, 192 A. 260; *Abshire* v. *School District No. 1,* 124 Mont. 244, 247, 220 P.2d 1058; *State* v. *Board of Education,* 139 Ohio St. 427, 441, 40 N.E.2d 913.

In the O'Connor case, the question upon which our advice is sought is improperly phrased. Instead of being presented in "whether or not" form, the question should have been phrased in a manner to permit a Yes or No answer. *Olson* v. *Avon,* 143 Conn. 448, 451, 123 A.2d 279. In view, however, of the public interest in the issue which has been argued, we will entertain the question.

There is no error in the Herzig case. In the O'Connor case, to the question reserved we answer that the board of education of the city of New Haven is without authority to compel the involuntary retirement of teachers in the New Haven public schools solely for the reason that such teachers have reached the age of sixty-eight years.

In the O'Connor case no costs will be taxed in this court in favor of any party.

In this opinion the other judges concurred.