PHILIP GAROVOY *v.* BOARD OF EDUCATION OF REGIONAL SCHOOL DISTRICT No. 1

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued April 10—decision released August 14, 1979

*Thomas N. Sullivan,* for the appellant (defendant).

*Martin A. Gould,* with whom, on the brief, was *William F. Striebe, Jr.,* for the appellee (plaintiff).

LOISELLE, J. This case arises out of an appeal by a tenured teacher to the Court of Common Pleas from a decision by his employer, the defendant Board of Education of Regional District No. 1, hereinafter the board, terminating his position in a music special education program under the Teacher Tenure Act, General Statutes § 10-151 (b).

The facts are not in dispute. On February 19, 1974, the defendant board voted to eliminate a one day per week music special education program during the 1974-1975 school year. At that time, the plaintiff Philip Garovoy was employed by the board as a music teacher in the one-day program; during the other four days of each week he was employed by the board to teach music in the town of Sharon. By letter dated February 26, 1974, Garovoy was notified that the board had eliminated the music special education program and was considering the termination of his one-day position. In accordance with the procedural protections provided in General Statutes § 10-151 (b), the board sent Garovoy a statement of reasons for their review of his contract and, pursuant to Garovoy's request, held a hearing on the termination of his contract. One week later, the board notified Garovoy that his contract of employment in the one-day program was terminated effective June 30, 1974. Garovoy exercised his rights as a tenured teacher aggrieved by the board's decision by filing a timely appeal with the Court of Common Pleas. General Statutes § 10-151 (f).

The trial court examined General Statutes § 10-151 (b), which provides six conditions upon which a teacher's employment contract may be terminated, focusing on the fifth and only relevant condition in this case.[1] Under this provision, a teacher's contract may be terminated upon the

---

[1] The six permissible grounds for termination are: (1) Inefficiency or incompetence; (2) insubordination against reasonable rules of the board of education; (3) moral misconduct; (4) disability, as shown by competent medical evidence; (5) elimination of the position to which the teacher was appointed, if no other position exists to which he or she may be appointed if qualified; or (6) other due and sufficient cause. General Statutes § 10-151 (b).

"elimination of the position to which the teacher was appointed, if no other position exists to which he or she may be appointed if qualified." Since Garovoy, a tenured teacher, had been dismissed while another nontenured music teacher continued to teach in a position for which Garovoy was qualified, the court held that another position did exist and therefore the board's decision failed to comport with the statute's permissible grounds for termination. The court rejected the board's contention that the adjective "vacant" was an implied qualification of the word "position," and ordered the board to assign one day's work of the nontenured music teacher who held a two and one-half day position to Garovoy. The court refuted the board's contention that this relief usurped the power of the superintendent by requiring him to create a new position, concluding that the relief granted was merely a matter of scheduling and assigning.

The issue confronted by this court is the trial court's interpretation of § 10-151 (b) (5); whether it requires the defendant board to replace a nontenured teacher with a tenured teacher whose position has been eliminated, provided, of course, that the tenured teacher is qualified to occupy that position. As previously stated, § 10-151 (b) (5) permits termination of a teacher's contract upon "elimination of the position to which the teacher was appointed, if no other position exists to which he or she may be appointed if qualified." The appellant board argues that the "other position" must, by implication, be vacant. The appellee and tenured teacher Garovoy, on the other hand, contends that the "other position" may be vacant or filled by a nontenured teacher; in either case, it is available for reassignment to him because he has tenure.

This court has searched in vain for legislative history which would reveal the intent of the drafters in this situation. It appears that the legislature did not contemplate this problem or, if they did, elected not to act on it. Nevertheless, the legislature was specific in enumerating the rights of tenured and nontenured teachers. Section 10-151 (a) provides that the contracts of nontenured teachers may be terminated for the same six reasons that contracts of tenured teachers may be terminated. In addition, § 10-151 (a) provides nontenured teachers the same procedural rights upon termination as those given to tenured teachers in § 10-151 (b): written notice, a statement of reasons for termination, and a hearing. The legislature chose to augment the rights of tenured teachers by providing a right of appeal from the board's decision to terminate the contract of a tenured teacher under § 10-151 (f). Nontenured teachers are expressly denied this right in § 10-151 (a).

There is error in the proceedings below because the relief granted by the trial court necessitated the termination of the nontenured teacher's contract for a reason not expressly included in those mandated by the legislature. Section 10-151 (a) provides six reasons for termination of a nontenured teacher's contract but seniority or the availability of a tenured teacher to fill that position is not among them. Moreover, the court's order did not accord the nontenured teacher whose two and one-half day position was eliminated, the procedural rights guaranteed him or her under § 10-151 (a) of the Act; the same rights which were exercised by the plaintiff when he received notice of his termination. To grant such relief at the nontenured teacher's expense, bypassing his or her statutory rights,

would clearly violate the express intent of the legislature, particularly in view of the fact that the nontenured teacher has no right of appeal.

The rights of tenured teachers in our local schools have traditionally rested within the domain of the legislature or of municipalities. In our most recent decision under the Teacher Tenure Act; *Delagorges* v. *Board of Education, Richards* v. *Board of Education,* 176 Conn. 630, 410 A.2d 461 (1979); this court declined an invitation to broaden the provisions of the Act to provide tenure for administrators, not as teachers but as administrators, in the absence of legislative direction. This court should not, without statutory authority, presume to resolve this important issue affecting the fundamental rights of teachers, whether they be tenured or untenured, and the quality of education in our state.

The plaintiff, Philip Garovoy, also claims that the defendant board failed to comply with the procedural protections of the statute because its members did not vote to consider the termination of his contract. General Statutes § 10-151 (b) does not require that the board vote to consider termination. According to the facts alleged in the plaintiff's own complaint the board complied with the procedural protections required by the statute. *Joanou* v. *Board of Education,* 165 Conn. 671, 673-74, 345 A.2d 46 (1974).

There is error, the judgment is set aside and the case is remanded with direction to dismiss the appeal.

In this opinion COTTER, C. J., BOGDANSKI and LONGO, Js., concurred.

PETERS, J. (dissenting). I agree with my colleagues that no literal reading of the various statutes that comprise the Teacher Tenure Act can resolve the difficult question before us. Under these circumstances, I believe that the policy behind the act requires us to adopt the construction that will protect tenured rather than nontenured teachers. I therefore concur in the conclusion reached by the trial court.

The situation with which we are confronted in this case is likely to recur in many communities faced with declining school enrollments. It is clear that local boards of education, rather than courts, are vested with the authority and the discretion to determine how best to respond to changing educational needs and impacted school budgets. It is equally clear that the Teacher Tenure Act was designed to protect employment rights of tenured teachers despite the consequent limitation of the exercise of managerial discretion by school boards. *Herzig* v. *Board of Education*, 152 Conn. 144, 151, 204 A.2d 827 (1964). In *Delagorges* v. *Board of Education*, 176 Conn. 630, 410 A.2d 461 (1979), we resolved the inevitably continuous conflict between managerial discretion and the principle of tenure to permit school administrators to reassign school personnel without regard to diminution of status or of salary. The issue in this case, however, goes far beyond *Delagorges,* for it concerns termination and not reassignment, and thus goes to the heart of the principle of tenure, the preference for retention of teachers who have earned tenure. What is at stake here is whether school boards have unlimited authority to displace competent tenured teachers by competent nontenured teachers. For it is inescapable

that today's case, combined with *Delagorges,* enables any school board to terminate any tenured teacher by assigning that teacher one year to a position destined to be terminated in the following year. No matter what the bona fide justification for the choice of assignments may be, the fiscal implication of assigning a nontenured rather than a tenured teacher to a position intended to be retained is too apparent to be ignored.

I would therefore read § 10-151 (b) (5), contrary to the view of my colleagues, to require a school board to reassign a tenured teacher whose position has been eliminated to another position in the school system for which that teacher is qualified, if that position is vacant or filled by a nontenured teacher. It is true that § 10-151 (a) states grounds for the termination of nontenured teachers, and that none of the grounds there enumerated specifically refers to displacement by a teacher with tenure. As we recently held, however, in *Tucker* v. *Board of Education,* 177 Conn. 572, 418 A.2d 933 (1979), the sixth stated ground, "other due and sufficient cause," allows termination, with proper notice, on grounds closely related to, but not explicitly stated by, the statute. If a teacher may legally be terminated for insubordination, although there was no violation of a "reasonable rule of the board of education," I believe that a nontenured teacher may equally be terminated because the position to which the teacher was appointed must now be surrendered to a teacher with tenure. It should be noted furthermore that readjustments after recognition of the rights of the plaintiff must, in the first instance, be planned and implemented by the defendant board, which has as yet taken no reviewable steps in that direction.

Although each teacher tenure statute differs in its wording from that enacted in other states, the issues arising out of the elimination of the position of a tenured teacher are by no means unique to Connecticut. The great majority of other jurisdictions have construed their statutes, as I think we should construe ours, to give a preference to the retention of tenured over nontenured teachers. See, e.g., *Pickens County Board of Education* v. *Keasler*, 263 Ala. 231, 82 So. 2d 197 (1955); *Hankenson* v. *Board of Education*, 15 Ill. App. 2d 440, 146 N.E.2d 194 (1957); *Watson* v. *Burnett*, 216 Ind. 216, 23 N.E.2d 420 (1939); *State ex rel. Marolt* v. *Independent School District No. 695*, 299 Minn. 134, 217 N.W.2d 212 (1974); contra, *Fuller* v. *Berkeley School District*, 2 Cal. 2d 152, 40 P.2d 831 (1934).

I would therefore find no error in the judgment of the trial court and would sustain the plaintiff's appeal from the decision of the defendant board.