BRADLEY, Judge.
This is a teacher supervisor contract cancellation case.
Charles L. Wooten was informed by the DeKalb County Board of Education that his position as Supervisor of Special Education was being abolished and that he was being transferred to a classroom teacher position. Wooten has tenure as a supervisor in the DeKalb County School System. See, Wooten v. Alabama State Tenure Commission, 421 So.2d 1277 (Ala.Civ.App.1982). After a hearing the Board abolished Wooten’s position as Supervisor of Special Education and transferred him to the position of a classroom instructor. He appealed to the State Tenure Commission and, after a hearing, the Commission upheld the Board’s decision. Wooten sought review of this decision in the Circuit Court of DeKalb County. After a hearing there, the court refused to grant Wooten any relief. From that decision he appeals to this court.
In brief here Wooten’s sole argument is that the Board’s decision to abolish his job and transfer him to a teaching position is invalid because the Board retained two nontenured supervisors after abolishing his tenured position.
The Board replies that it eliminated Mr. Wooten’s supervisory position to save money. The Board said that due to proration of funds and declining enrollment it had to rearrange personnel to reduce costs. By eliminating Mr. Wooten’s position, which was the last of four instructional supervisory positions abolished by the Board, costs could be reduced. Furthermore, the duties exercised by Mr. Wooten could be placed on the Director of Pupil Personnel Services and the principals of the various schools.
To the Board’s argument, Mr. Wooten states that the Board retained two nontenured supervisors after abolishing his supervisory position. He says that the Board could not keep the two nontenured supervisors and abolish his position. He relies on the case of Pickens County Board of Education v. Keasler, 263 Ala. 231, 82 So.2d 197 (1955). In the cited case the tenured teacher’s contract was cancelled because the Board deemed it necessary to reduce the number of teaching positions it had. The teacher contended that at the time of the cancellation of her contract the Board retained four nontenured teachers. The supreme court held that a board of education could not cancel the contract of a tenured teacher and retain a nontenured teacher to teach in the tenured teacher’s position. The court further opined that such action would nullify the Teacher Tenure Act, and this could not be permitted to happen.
In the case at bar the supervisor position abolished was the last of the instructional supervisory positions once used by the Board. An instructional supervisor deals directly with the teachers concerning instruction of students. According to the testimony, these positions were abolished to save money that could be better spent employing teachers.
The Superintendent of Education testified that he had only two supervisors employed; one was a lunchroom supervisor and the other was a transportation supervisor. However, neither of these supervisory positions was instructional; that is, concerned with directing teachers in their instruction of students. These positions were administrative only and tenure status does not have any effect upon them. Consequently, we do not consider the Keasler decision sufficient authority for reversing the decision of the Tenure Commission to confirm the Board’s order abolishing Wooten’s supervisory position.
After a careful review of the record, we find the Board’s decision to eliminate Wooten’s instructional supervisory position to be supported by the evidence.
The judgment of the circuit court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.